HALPERN MAY YBARRA GELBERG LLP
  Heather L. May (State Bar No.210544)
550 South Hope Street, Suite 2330
Los Angeles, California  90071
Telephone: (213) 402-1900
Facsimile:  (213) 402-1901
heather.mayer@halpernmay.com

Attorneys for Defendants
ROBERT CORNELL, M.D.; AUGMENTA, LLC;
ROBERT J. CORNELL, M.D., P.A.;
JONATHAN CLAVELL, M.D.; and
CLAVELL UROLLOGY, PLLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

INTERNATIONAL MEDICAL DEVICES, INC., et al.

  Plaintiffs,

  v.

ROBERT CORNELL, M.D., et al.,

  Defendants.

CASE NO. 2:20-cv-03503-CBM (RAOx)
Assigned to: Hon. Consuelo B. Marshall (CR 8B)

**DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFFS' ORIGINAL COMPLAINT FOR MISAPPROPRIATION OF TRADE SECRETS (FEDERAL); MISAPPROPRIATION OF TRADE SECRETS (CAL.); TRADEMARK INFRINGEMENT; COUNTERFEIT MARK; BREACH OF CONTRACT; BREACH OF GOOD FAITH AND FAIR DEALING; UNFAIR COMPETITION; AND DECLARATORY RELIEF**

***DEMAND FOR JURY TRIAL***

Complaint Served:   April 17, 2020



## DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFFS' ORGINAL COMPLAINT

Defendants Robert Cornell, MD, Augmenta, LLC, Robert J. Cornell, MD, PA, Jonathan Clavell, MD, and Clavell Urology, PLLC (collectively the "Defendants") answer the Original Complaint filed on April 15, 2020 (and served on April 17, 2020) by Plaintiffs International Medical Devices, Inc., Menova International, Inc., and James Elist, MD (collectively the "Defendants"). Defendants Robert Cornell, MD, Augmenta LLC, and Robert J. Cornell, MD, PA are collectively referred to as the "Cornell Defendants." Augmenta, LLC, is referred to as "Augmenta," while Defendants Jonathan Clavell, MD, and Clavell Urology, PLLC are referred to as the "Clavell Defendants."

## INTRODUCTION

1.   Defendant Robert Cornell, MD, admits that in 2018 he initiated contact with Gesiva Medical, LLC, to inquire about the Penuma implant.  Defendants lack sufficient information to admit or deny the remaining allegations in paragraph 1, and therefore denies them.

2.   Defendants deny all allegations in paragraph 2.

3.   Defendant Robert Cornell, MD, admits he is one of the named inventors of U.S. Patent No. 10,413,413.  Defendants deny all other allegations in paragraph 3.

4.   Defendant Robert Cornell, MD, admits that certain websites associated with his practice discussed the use of Penuma implants.  Defendants deny all other allegations in paragraph 4.

5.   Defendants deny all allegations in paragraph 5.

6.   Defendants deny all allegations in paragraph 6.

7.   Defendants deny all allegations in paragraph 7.

## GENERAL BACKGROUND AND NATURE OF THE ACTION

8.   Defendants lack sufficient information to admit or deny the allegations in paragraph 8 and, therefore, deny them.



DEFENDANTS' ANSWER AND DEFENSES
TO COMPLAINT

9.      Defendants lack sufficient information to admit or deny the allegations in paragraph 9 and, therefore, deny them.

10.     Defendants deny all surgeons are required to sign a Penuma NDA prior to witnessing the implant procedure.  Defendants lack sufficient information to admit or deny the remaining allegations in paragraph 9 and, therefore, deny them.

11.     Defendant Robert Cornell, MD, admits he contacted Gesiva Medical, LLC, in 2018 to inquire about the Penuma implant.  Defendant Robert Cornell, MD, also admits he observed Dr. Elist perform Penuma implant procedures on March 30, 2018.  Defendant Robert Cornell, MD, denies he was provided any non-public information related to Penuma before or after signing the Penuma NDA. The Penuma NDA was presented and signed after Robert Cornell witnessed the implant procedure.  Defendants deny any remaining allegations in paragraph 11.

12.     Defendants deny all allegations in paragraph 12.

13.     Defend Robert Cornell, MD. admits he is a named inventor on provisional applications directed toward penile implants filed on July 23 and December 14 of 2018.Defendant Robert Cornell, MD, also admits a non-provisional application directed toward penile implants was filed on January 3, 2019 listing co-inventors David Nichols and Hans Mische.  Defendants deny all remaining allegations of paragraph 13.

14.     Defendants admit U.S. Patent Application No. 16/238,792 issued as U.S. Patent No. 10,413,413 (the "'413 Patent") on September 17, 2019 and that U.S. Patent Application No. 16/238,821 is pending and published on January 23, 2020 as U.S. Pub. No. 2020/0022812.  Defendants also admit the '413 Patent only published upon its issuance because it was accepted as a Track 1 application. Defendants deny the remainder of the allegations in paragraph 14.

15.     The Cornell Defendants lack sufficient information to admit or deny the allegations in paragraph 15 and, therefore, deny them.



DEFENDANTS' ANSWER AND DEFENSES
TO COMPLAINT

16.     Defendant Robert Cornell, MD, admits that certain websites associated with his practice discussed the use of Penuma implants.  Defendants deny any allegations of infringement or confusion in paragraph 16.  Defendants lack sufficient information to admit or deny any of the remaining allegations in paragraph 15 and, therefore, deny them.

17.     Defendants admit the United States Patent and Trademark Office (the "USPTO") rejected the then pending claims of the patent application that issued into the '413 Patent based at least in part on U.S. Patent Nos. 6,537,204 and 8,968,193.  Defendants deny all remaining allegations in paragraph 17.

18.     Defendants deny all allegations in paragraph 18.

19.     Defendants deny all allegations in paragraph 19.

20.     Defendants deny all allegations in paragraph 20.

21.     Defendants deny all allegations in paragraph 21.

22.     Defendants deny all allegations in paragraph 22.

23.     Defendants admit Dr. Clavell is listed on Augmenta's unpublished non-public website, which makes no reference to Penuma or Dr. Elist.  Defendants deny all remaining allegations in paragraph 23.

24.     Defendants deny all allegations in paragraph 24.

## PARTIES

25.     Defendants lack sufficient information to admit or deny the allegations in paragraph 25 and, therefore, deny them.

26.     Defendants lack sufficient information to admit or deny the allegations in paragraph 26 and, therefore, deny them.

27.     Defendants admit that Dr. Elist is listed as an inventor on U.S. Patent Nos. 5,445,594; 5,669,870; 5,899,849; D462770; 6,475,137; 6,537,204; 8,986,193; 9,504,573; and 10,350,070.  Defendants lack sufficient information to admit or deny the remaining allegations in paragraph 27 and, therefore, deny them.



DEFENDANTS' ANSWER AND DEFENSES
TO COMPLAINT

28.     Defendants admit that Robert Cornell, MD, is an individual residing in Houston, Texas and that he is the founder of Augmenta.

29.     Defendant Augmenta admits it is a limited liability company organized under the laws of Delaware, with its principal place of business at 1315 St. Joseph Parkway, Suite 1700, Houston, Texas 77002. Augmenta also admits this is the same address at which Defendant Robert Cornell, MD, operates his urology practice.  Defendants deny any remaining allegations in paragraph 29.

30.     Defendant Cornell PA admits it is a professional association organized under the laws of Texas, with its principal place of business at 1315 St. Joseph Parkway, Suite 1700, Houston, Texas 77002.  Defendants deny any remaining allegations in paragraph 30.

31.     Defendant Dr. Clavell admits he is an individual residing in Houston, Texas and is the owner of Clavell Urology, PLLC.

32.     Defendant Clavell Urology, PLLC admits it is a professional limited liability corporation organized under the laws of Texas, with its principal place of business at 1315 St. Joseph Parkway, Suite 1700, Houston, Texas 77002.  Defendants deny any remaining allegations in paragraph 32.

33.     Defendants lack sufficient information to admit or deny the allegations in paragraph 33 and, therefore, deny them.

34.     Defendants deny the allegations in paragraph 34.

## JURISDICTION AND VENUE

35.     Defendants lack sufficient information to admit or deny diversity jurisdiction exits and, therefore denies this Court has subject matter jurisdiction under 28 U.S.C § 1332(a).

36.     Defendants admit this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(b), 18 U.S.C. § 1836, and 15 U.S.C. § 1114, *et seq.*, but denies any violation of these Acts.  Defendants deny this Court has subject matter



jurisdiction of under 17 U.S.C. §101, *et seq.*, because the alleged copyrighted work is not registered.

37.     Defendants admit this Court has supplemental jurisdiction under 28 U.S.C. § 1367.

38.     The Cornell Defendants deny this Court has personal jurisdiction because the Cornell Defendants have had minimal contact with the State of California and do not maintain any such contacts.

39.     The Clavell Defendants deny this Court has personal jurisdiction because the Clavell Defendants have had minimal contact with the State of California and do not maintain any such contacts.

40.     For the reasons stated in ¶¶ 35, 38, and 39, Defendants deny venue is proper in this Judicial District.

**PLAINTIFFS' FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

41.     Defendants lack sufficient information to admit or deny the allegations in paragraph 41 and, therefore, deny them.

42.     Defendants lack sufficient information to admit or deny the allegations in paragraph 42 and, therefore, deny them.

43.     Defendants lack sufficient information to admit or deny the allegations in paragraph 43 and, therefore, deny them.

44.     Defendants lack sufficient information to admit or deny the allegations in paragraph 44 and, therefore, deny them.

45.     Defendants lack sufficient information to admit or deny the allegations in paragraph 45 and, therefore, deny them.

46.     Defendants lack sufficient information to admit or deny the allegations in paragraph 46 and, therefore, deny them.

47.     Defendant Robert Cornell, MD, admits on January 11, 2018, he contacted Tom Hopper, of Gesiva Medical, LLC ("Gesiva"), by email to request training on Penuma and that he stated he became aware of Gesiva and Penuma at a medical



1  conference.  Defendants lack sufficient information to admit or deny the remaining

2  allegations in paragraph 47 and, therefore, deny them.

3  48.   Defendant Robert Cornell, MD, admits that he had a conversation with Mr.

4  Hopper and discussed the setting up a meeting to observe Dr. Elist perform the

5  Penuma implant procedure.  Defendants deny any remaining allegations in

6  paragraph 48.

7  49.   Defendant Robert Cornell, MD, admits the allegations in paragraph 49.

8  50.   Defendant Robert Cornell, MD, admits he visited Dr. Elist's clinic on March

9  30, 2018 but denies he learned any detailed or confidential information regarding

10  Penuma.

11  51.   Defendant Robert Cornell, MD, admits the quoted language from the

12  Penuma NDA is present in the agreement.  Defendants denies the remaining

13  allegations of paragraph 51, specifically including the allegation that Robert

14  Cornell, MD, had detailed discussions regarding Penuma or any implication that he

15  was required to sign the Penuma NDA prior to witnessing Dr. Elist perform

16  implantation of the Penuma device.

17  52.   Defendants deny the allegations in paragraph 52.

18  53.   Defendants deny the allegations in paragraph 53.

19  54.   Defendants deny the allegations in paragraph 54.

20  55.   Defendants deny the allegations in paragraph 55.

21  56.   Defendants deny the allegations in paragraph 56.

22  57.   Defendants lack sufficient information to admit or deny the allegations in

23  paragraph 57 and, therefore, deny them.

24  58.   Defendants deny the allegations in paragraph 58.

25  59.   Defendant Robert Cornell, MD, admits he applied for U.S. Provisional

26  Application Nos. 62/702,062 and 62/779,825.  Defendants deny all remaining

27  allegations in paragraph 59.

28



DEFENDANTS' ANSWER AND DEFENSES
TO COMPLAINT

60.     Defendant Robert Cornell, MD, admits he incorporated Augmenta in September 2018 and registered Augment to do business in the State of Texas in October 2018.  Defendants deny all remaining allegations in paragraph 60.

61.     Defendant Robert Cornell, MD, admits he filed a non-provisional application on January 3, 2019 that issued as the '413 Patent on September 17, 2019.  Defendants deny all remaining allegations in paragraph 61. The '413 Patent issued prior to its publication because it was examined under the Track 1 provisions implemented by the USPTO.

62.     Defendants lack sufficient information to admit or deny the allegations in paragraph 62 and, therefore, deny them.

63.     Defendants admit that, on March 15, 2019, the USPTO rejected all then pending claims in the application that eventually issued into the '413 Patent based at least in part on the '204 and '193 Patents.

64.     Defendants deny the allegations in paragraph 64.

65.     Defendants deny the allegations in paragraph 65.

66.     Defendant Robert Cornell, MD, admits that on May 22, 2019, Dr. Cornell, along with his "co-inventors," each executed an inventor's oath as the original inventors of the inventions claimed in the application that issued into the '413 Patent.  Defendants deny the remaining allegations of paragraph 66.

67.     Defendants admit the '413 Patent is assigned to Augmenta.  Defendants deny the remaining allegations of paragraph 67.

68.     Defendants deny the allegations in paragraph 68.

69.     Defendants lack sufficient information to admit or deny the allegations in paragraph 69 and, therefore, deny them.

70.     Defendants lack sufficient information to admit or deny the allegations in paragraph 70 and, therefore, deny them.

71.     Defendants lack sufficient information to admit or deny the allegations in paragraph 71 and, therefore, deny them.



72.    Defendants deny the allegations in paragraph 72.

73.    Defendants deny the allegations in paragraph 73.

74.    Defendants lack sufficient information to admit or deny the allegations in paragraph 74 and, therefore, deny them.

75.    Defendants deny the allegations in paragraph 75.

76.    Defendants lack sufficient information to admit or deny whether Penuma is the result of years of research and development, clinical studies, patent protection, trade secrets, and FDA clearance and, therefore, deny these allegations. Defendants deny all remaining allegations of paragraph 76.

77.    Defendants deny the allegations in paragraph 77.

78.    Defendants deny the allegations in paragraph 78.

79.    Defendants deny the allegations in paragraph 79.

80.    Defendants admit Dr. Clavell observed a Penuma implant in October 2019. Defendants deny the remaining allegations of paragraph 80.

81.    Defendants deny the allegations in paragraph 81.

82.    Defendants deny the allegations in paragraph 82.

**PLAINTIFFS' CLAIMS FOR RELIEF**

**FIRST CAUSE OF ACTION**

**Misappropriation of Trade Secrets (Federal)**

83.    Paragraph 83 requires no answer.

84.    Defendants lack sufficient information to admit or deny the allegations in paragraph 84 and, therefore, deny them.

85.    Defendants lack sufficient information to admit or deny the allegations in paragraph 85 and, therefore, deny them.

86.    Defendants lack sufficient information to admit or deny the allegations in paragraph 86 and, therefore, deny them.

87.    Defendants lack sufficient information to admit or deny the allegations in paragraph 87 and, therefore, deny them.



1   88.    Defendants lack sufficient information to admit or deny the allegations in

2   paragraph 88 and, therefore, deny them.

3   89.    Defendant Robert Cornell, MD, admits that he signed the Penuma NDA

4   after being presented with the document upon exiting Dr. Elist's clinic after

5   viewing Penuma implant procedures performed by Dr. Elist.  Defendants deny any

6   remaining allegations in paragraph 89.

7   90.    Defendants deny the allegations in paragraph 90.

8   91.    Defendants deny the allegations in paragraph 91.

9   92.    Defendants deny the allegations in paragraph 92.

10  93.    Defendants deny the allegations in paragraph 93.

11                           **SECOND CAUSE OF ACTION**

12              **Misappropriation of Trade Secrets (California)**

13  94.    Paragraph 94 requires no answer.

14  95.    Defendants lack sufficient information to admit or deny the allegations in

15  paragraph 95 and, therefore, deny them.

16  96.    Defendants lack sufficient information to admit or deny the allegations in

17  paragraph 96 and, therefore, deny them.

18  97.    Defendants lack sufficient information to admit or deny the allegations in

19  paragraph 97 and, therefore, deny them.

20  98.    Defendants lack sufficient information to admit or deny the allegations in

21  paragraph 98 and, therefore, deny them.

22  99.    Defendants lack sufficient information to admit or deny the allegations in

23  paragraph 99 and, therefore, deny them.

24  100.   Defendant Robert Cornell, MD, admits that he signed the Penuma NDA

25  after being presented with the document upon exiting Dr. Elist's clinic after

26  viewing Penuma implant procedures performed by Dr. Elist.  Defendants deny any

27  remaining allegations in paragraph 100.

28  101.   Defendants deny the allegations in paragraph 101.



DEFENDANTS' ANSWER AND DEFENSES
TO COMPLAINT

102.   Defendants deny the allegations in paragraph 102.

103.   Defendants deny the allegations in paragraph 103.

104.   Defendants deny the allegations in paragraph 104.

## THIRD CAUSE OF ACTION

### Trademark Infringement

105.   Paragraph 105 requires no answer.

106.   Defendants lack sufficient information to admit or deny the allegations in paragraph 106 and, therefore, deny them.

107.   Defendants lack sufficient information to admit or deny the allegations in paragraph 107 and, therefore, deny them.

108.   Defendant Robert Cornell, MD, admits that on March 30, 2018, he observed Dr. Elist perform Penuma implant procedures.  Defendants deny any remaining allegations in paragraph 108.

109.   Defendant Robert Cornell, MD, admits Penuma implants were mentioned on his website in anticipation of being approved for using the device.  Defendants deny any remaining allegations in paragraph 109.

110.   Defendants deny the allegations in paragraph 110.

111.   Defendant Robert Cornell, MD, admits on June 25, 2018 he received an email concerning the presence of the word Penuma on his website.  Defendants deny any remaining allegations in paragraph 111.

112.   Defendant Robert Cornell, MD, admits that the word Penuma remained on his website for a limited period of time despite his instructions on multiple, separate, occasions as documented in email correspondence with two separate office managers who communicated this request to his website service engineers to have it removed.  Defendants deny all remaining allegations of paragraph 112.

113.   Defendant Robert Cornell, MD, admits he received an email on August 4, 2019 from IMD and that he responded to that email on August 5, 2019. Defendants deny all remaining allegations in paragraph 113.



DEFENDANTS' ANSWER AND DEFENSES
TO COMPLAINT

114.   Defendants deny the allegations of paragraph 114.

115.   Defendants deny the allegations of paragraph 115.

116.   Defendants lack sufficient information to admit or deny the allegations in paragraph 116 and, therefore, deny them.

117.   Defendants deny the allegations in paragraph 117.

118.   Defendants deny the allegations in paragraph 118.

119.   Defendants deny the allegations in paragraph 119.

120.   Defendants deny the allegations in paragraph 120.

## FOURTH CAUSE OF ACTION

### Counterfeit Mark

121.   Paragraph 121 does not require an answer.

122.   Defendants lack sufficient information to admit or deny the allegations in paragraph 122 and, therefore, deny them.

123.   Defendants deny the allegations in paragraph 123.

124.   Defendants deny the allegations in paragraph 124.

125.   Defendants deny the allegations in paragraph 125.

126.   Defendants deny the allegations in paragraph 126.

127.   Defendants deny the allegations in paragraph 127.

## FIFTH CAUSE OF ACTION

### Copyright Infringement

128.   Paragraph 128 does not require an answer.

129.   Defendants lack sufficient information to admit or deny the allegations in paragraph 129 and, therefore, deny them.

130.   Defendants lack sufficient information to admit or deny the allegations in paragraph 130 and, therefore, deny them.

131.   Defendants deny the allegations in paragraph 131.

132.   Defendants deny the allegations in paragraph 132.

133.   Defendants deny the allegations in paragraph 133.



DEFENDANTS' ANSWER AND DEFENSES
TO COMPLAINT

134.  Defendants deny the allegations in paragraph 134.

## SIXTH CAUSE OF ACTION

### Breach of Contract

135.  Paragraph 135 does not require an answer.

136.  Defendant Robert Cornell, MD, admits that he signed the Penuma NDA after being presented with the document upon exiting Dr. Elist's clinic after viewing Penuma implant procedures performed by Dr. Elist.  Defendants deny any remaining allegations in paragraph 136.

137.  Defendants deny the allegations in paragraph 137.

138.  Defendants deny the allegations in paragraph 138.

139.  Defendants deny the allegations in paragraph 139.

## SEVENTH CAUSE OF ACTION

### Breach of Covenant of Good Faith and Fair Dealing

140.  Paragraph 140 does not require an answer.

141.  Defendant Robert Cornell, MD, admits that he signed the Penuma NDA after being presented with the document upon exiting Dr. Elist's clinic after viewing Penuma implant procedures performed by Dr. Elist.  Defendants deny any remaining allegations in paragraph 141.

142.  Defendants lack sufficient information to admit or deny the allegations in paragraph 142 and, therefore, deny them.

143.  Defendants deny the allegations in paragraph 143.

144.  Defendants deny the allegations in paragraph 144.

## EIGHTH CAUSE OF ACTION

### Unfair Competition

145.  Paragraph 145 does not require an answer.

146.  Defendants deny the allegations in paragraph 146.

147.  Defendants deny the allegations in paragraph 147.



DEFENDANTS' ANSWER AND DEFENSES
TO COMPLAINT

## NINTH CAUSE OF ACTION

### Declaratory Relief

148.   Paragraph 148 does not require an answer.

149.   Defendants deny the allegations in paragraph 149.

150.   Defendants deny the allegations in paragraph 150.

151.   Defendants deny the allegations in paragraph 151.

152.   Defendants deny the allegations in paragraph 152.

153.   Defendants deny the allegations in paragraph 153.

154.   Defendants deny the allegations in paragraph 154.

## PLAINTIFFS' PRAYER FOR RELIEF

1.   Defendants deny Plaintiffs are entitled to any relief requested under paragraph 1 (a–i).

2.   Defendants deny Plaintiffs are entitled to any relief requested under paragraph 2.

3.   Defendants deny Plaintiffs are entitled to any relief requested under paragraph 3.

4.   Defendants deny Plaintiffs are entitled to any relief requested under paragraph 4.

5.   Defendants deny Plaintiffs are entitled to any relief requested under paragraph 5.

6.   Defendants deny Plaintiffs are entitled to any relief requested under paragraph 6.

7.   Defendants deny Plaintiffs are entitled to any relief requested under paragraph 7.

8.   Defendants deny Plaintiffs are entitled to any relief requested under paragraph 8.



DEFENDANTS' ANSWER AND DEFENSES
TO COMPLAINT

9.      Defendants deny Plaintiffs are entitled to any relief requested under paragraph 9.

10.     Defendants deny Plaintiffs are entitled to any relief requested under paragraph 10.

## AFFIRMATIVE DEFENSES

Defendants asserts the following affirmative defenses, without conceding that it has the burden of proof as to any affirmative defense, alleged as follows:

## FIRST AFFIRMATIVE DEFENSE

No personal jurisdiction exists over the Cornell Defendants.  The Cornell Defendants lack sufficient contact with California for the Court to exercise personal jurisdiction.

## SECOND AFFIRMATIVE DEFENSE

No personal jurisdiction exists over the Clavell Defendants.  The Clavell Defendants lack sufficient contact with California for the Court to exercise personal jurisdiction.

## THIRD AFFIRMATIVE DEFENSE

No diversity or personal jurisdiction exists based on the alleged amount in controversy.  Likewise, no jurisdiction exists over the alleged copyright infringement allegation(s) based on a lack of registration at the time of filing the Original Complaint.  Furthermore, venue is improper based on lack of jurisdiction. Any allegation by Plaintiffs that venue is proper based on the Penuma NDA are factually incorrect in that the Penuma NDA merely contained a choice of law provision and not a choice of venue provision.

## FOURTH AFFIRMATIVE DEFENSE

The trade secrets Plaintiffs allege to have been misappropriated by the Defendants were not in the possession of the Plaintiffs at the time of the alleged misappropriation.



DEFENDANTS' ANSWER AND DEFENSES
TO COMPLAINT

**FIFTH AFFIRMATIVE DEFENSE**

The trade secrets Plaintiffs allege to have been misappropriated by the Defendants were publicly disclosed prior to the alleged misappropriation by individuals other than Defendants.

**SIXTH AFFIRMATIVE DEFENSE**

The trade secrets Plaintiffs allege to have been misappropriated by the Defendants were publicly disclosed prior to the alleged misappropriation in various patents and applications listing Plaintiff Dr. Elist as an inventor.

**SEVENTH AFFIRMATIVE DEFENSE**

The trade secrets Plaintiffs allege to have been misappropriated by the Defendants are not subject to trade secret protection based on Plaintiffs' failure to provide reasonable precautions to protect the alleged trade secrets.

**EIGHT AFFIRMATIVE DEFENSE**

Defendants cannot be liable for misappropriation because no obligation of confidence existed at the alleged time of disclosure of the purported trade secrets.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs independently developed the trade secrets alleged to have been misappropriated by the Defendants.

**TENTH AFFIRMATIVE DEFENSE**

Any alleged use of the "Penuma" mark by Defendants constituted a descriptive or nominative fair use of the mark and did not constitute trademark infringement nor the use of a counterfeit mark.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs implied consent for any alleged use of the "Penuma" mark by Defendants based on proposed additional training and certification.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims for copyright infringement are barred by the doctrine of fair use.



DEFENDANTS' ANSWER AND DEFENSES
TO COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for copyright infringement are barred based on a lack of registration from statutory damages and attorney's fees under 17 U.S.C, § 412.

## FOURTHTEENTH AFFIRMATIVE DEFENSE

Any use of the alleged copyrighted work by Plaintiffs was innocent, non-infringing and not a willful infringement.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for copyright infringement are barred based on lack of ownership in the alleged copyrighted work.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs waived the right to assert copyright infringement by failing to register the alleged work within the appropriate time period under 17 USC § 412.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The alleged copyrighted work has elements taken from the public domain upon which a copyright infringement action cannot be maintained.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs breached the Penuma NDA by failing to provide any confidential information to Defendant Robert Cornell, MD. In doing so, Plaintiffs' failed to provide any consideration to Defendant Robert Cornell, MD, in exchange for the obligations Plaintiffs now desire to impose.

## NINTEENTH AFFIRMATIVE DEFENSE

Defendant Robert Cornell, MD, performed his obligations under the Penuma NDA, therefore, there was no breach of contract or breach of good faith and fair dealing under California law.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' request for assignment of patents from Defendant Augmenta would constitute unjust enrichment. Defendants developed and obtained these patents at their own cost independent from any of the Plaintiffs.



## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant Robert Cornell, MD, was placed under undue influence and duress in his signing of the Penuma NDA.  Plaintiffs demanded Defendant Robert Cornell, MD, sign the Penuma NDA after he had witnessed Dr. Elist perform the Penuma implant procedure, in order for Defendant Robert Cornell, MD, to continue training to become certified to obtain and order the implant.   Defendant Robert Cornell, MD, received no further training from any Plaintiff.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' request for declaratory relief, in whole or in part, fails to state any claim upon which relief can be granted, including, but not limited to, the fact that declaratory relief is a remedy, not a cause of action, and Plaintiffs have failed to state any valid cause of action.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants have not knowingly or intentionally waived any applicable affirmative defenses.  Defendants presently lacks sufficient knowledge or information on which to form a belief as to whether it may have available additional, as yet unstated, affirmative defenses, and reserves the right to assert such additional defenses.

Respectfully Submitted,

Dated:  May 29, 2020

HALPERN MAY YBARRA GELBERG LLP
Heather L. May

By /s/ Heather L Mayer
Heather L. Mayer
Counsel for Defendants
Robert Cornell, M.D., Augmenta, LLC,
Robert J. Cornell, M.D., P.A., Jonathan
Clavell, M.D. and Clavell Urology, PLLC

DEFENDANTS' ANSWER AND DEFENSES
TO COMPLAINT

## **DEMAND FOR JURY TRIAL**

Defendants Robert Cornell, MD, Augmenta, LLC, Robert J. Cornell, MD, PA, Jonathan Clavell, MD and Clavell Urology, PLLC hereby demand a trial by jury.

Respectfully Submitted,

Dated:  May 29, 2020                HALPERN MAY YBARRA GELBERG LLP
                                                        Heather L. May


                                                        By /s/ Heather L Mayer
                                                            Heather L. Mayer
                                                        Counsel for Defendants
                                                        Robert Cornell, M.D., Augmenta, LLC,
                                                        Robert J. Cornell, M.D., P.A., Jonathan
                                                        Clavell, M.D. and Clavell Urology, PLLC



DEFENDANTS' ANSWER AND DEFENSES
TO COMPLAINT

# PROOF OF SERVICE

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION
## <u>International Medical Devices, Inc., et al. v. Robert Cornell, M.D., et al.</u>
### *CACD Case No. 2:20-cv-03503-CBM (RAOx)*

I am over the age of 18 and not a party to the within action; I am employed by Halpern May Ybarra Gelberg LLP in the County of Los Angeles at 550 South Hope Street, Suite 2330, Los Angeles, California  90071.

On May 29, 2020, I served the document below described as:

**DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFFS' ORIGINAL COMPLAINT FOR MISAPPROPRIATION OF TRADE SECRETS (FEDERAL); MISAPPROPRIATION OF TRADE SECRETS (CAL.); TRADEMARK INFRINGEMENT; COUNTERFEIT MARK; BREACH OF CONTRACT; BREACH OF GOOD FAITH AND FAIR DEALING; UNFAIR COMPETITION; AND DECLARATORY RELIEF    *DEMAND FOR JURY TRIAL***

The document was served by the following means:

✘ <u>**BY ELECTRONIC TRANSMISSION VIA NEF**</u>  I electronically filed the foregoing document through the Court's CM/ECF system, which sent Notification of Electronic Filing to the attorneys at the e-mail addresses listed below.  They have appeared in this case and have consented to receive service through the Court's CM/EFC System.  *L.R. 5-3.2.1*

Email: rbaker@bakermarquart.com
Email: mmeister@bakermarquart.com
Email: mchan@bakermarquart.com
Email: estierwalt@bakermarquart.com

Ryan G. Baker, Esq.                    *Counsel for Plaintiffs,*
Melissa A. Meister, Esq.          INTERNATIONAL MEDICAL
May Y. Chan, Esq.                     DEVICES, INC.; MENOVA
Emily R. Stierwalt, Esq.           INTERNATIONAL, INC.; AND
BAKER MARQUART LLP                 JAMES ELIST, M.D.
777 South Figueroa Street, Suite 2850
Los Angeles, California  90017

I declare under penalty of perjury under the laws of United States of America that the foregoing is true and correct.

Executed on May 29, 2020 at Los Angeles, California.

/s/ Heather L. Mayer



DEFENDANTS' ANSWER AND DEFENSES
TO COMPLAINT