Ryan G. Baker (Bar No. 214036)
    rbaker@bakermarquart.com
Melissa A. Meister (Bar No. 296744)
    mmeister@bakermarquart.com
May Y. Chan (Bar No. 230534)
    mchan@bakermarquart.com
Emily R. Stierwalt (Bar No. 323927)
    estierwalt@bakermarquart.com
BAKER MARQUART LLP
777 S. Figueroa St., Suite 2850
Los Angeles, California 90017
Telephone: (424) 652-7800
Facsimile: (424) 652-7850

*Attorneys for Plaintiffs*

[Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| INTERNATIONAL MEDICAL DEVICES, INC., et al.,<br><br>    Plaintiffs,<br>    v.<br>ROBERT CORNELL, MD, an individual; et al.,<br><br>    Defendants. | Case No. 2:20-cv-03503-CBM (RAOx)<br><br>**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER**<br><br>Judge:   Hon. Consuelo B. Marshall |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiffs INTERNATIONAL MEDICAL DEVICES, INC., MENOVA INTERNATIONAL, INC., and JAMES ELIST, MD (together, "Plaintiffs") and Defendants ROBERT CORNELL, MD, AUGMENTA, LLC, ROBERT J. CORNELL, M.D., P.A., JONATHAN CLAVELL, MD, and CLAVELL UROLOGY, PLLC (together, "Defendants" and, with Plaintiffs, collectively, the "Parties"), by and through their respective undersigned counsel, stipulate to and petition the Court to enter a protective order in this action, as follows:

## I.   PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting/defending this case may be warranted.  This information includes, but is not limited to, proprietary business information, trade secrets, confidential research, financial data, and/or otherwise confidential information.  Special protection may be necessary to ensure that such sensitive information and financials do not lose their confidentiality, privacy, and protection afforded under the applicable law.  Therefore, the Parties hereby stipulate to and petition the Court to enter the following stipulated protective order (the "Protective Order").  The Parties acknowledge this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles.  As set forth in Section VIII, below, this Protective Order does not entitle the Parties to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

/ /

/ /


## II. GOOD CAUSE STATEMENT

1. This action involves purported trade secrets, including, without limitation, valuable research, development, commercial, financial, technical, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution/defense of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating the privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Significant harm will result to the parties and nonparties if these specific categories of documents and related testimony are not protected from public disclosure. Specifically, the parties or nonparties may suffer loss of stature and business advantage in their competitive industries if procedures and policies that are currently protected as proprietary information and/or trade secrets become available to the public forum. Some of the parties involved are private companies and their financials are not currently known or otherwise accessible by their respective competitors or the public. Protection of these procedures, policies, and financial information is necessary to ensure that such trade information and financials do not lose the confidentiality and protection they currently maintain: research developments, product iterations and changes, and commercial information later subject to reduction to patent. The parties each rely on such sensitive information to remain competitive with regard to their respective businesses and will be prejudiced if their sensitive internal information is disclosed to the public, including competitors. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are

permitted reasonable necessary uses of such material in preparation for, and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## III. APPLICABILITY

2. This Protective Order shall apply to, and shall govern, all documents, materials, things, discovery responses, information, and testimony designated by the disclosing party in good faith as constituting or containing confidential information pursuant to this Protective Order. The Protective Order shall not operate or permit any party to deem anything already in the public record as confidential.

3. The protections conferred by this Stipulation and Protective Order cover not only protected material, but also: (1) any information copied or extracted from protected material; (2) all copies, excerpts, summaries, or compilations of protected material; and (3) any testimony, conversations, or presentations by the Parties or their counsel that might reveal protected material.

4. Any use of protected material at trial shall be governed by the orders of the trial judge. This Protective Order does not govern the use of protected material at trial.

## IV. CONFIDENTIAL INFORMATION

5. The disclosing party shall designate any document containing confidential information by stamping a notice reading "CONFIDENTIAL," "CONFIDENTIAL INFORMATION," "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," or "CONFIDENTIAL INFORMATION FOR ATTORNEYS' EYES ONLY" (*see infra* at ¶ 15) on all pages of the document that contain purportedly protected material. The disclosing party shall designate things

other than documents as containing confidential information by stamping or marking them in a similar manner, to the extent practicable. When confidential information is disclosed in a form not appropriate for such stamping or marking, it shall be designated in writing as CONFIDENTIAL at the time it is delivered to the receiving party. The term "CONFIDENTIAL INFORMATION" is used hereinafter to mean confidential information that has been designated as CONFIDENTIAL pursuant to this Protective Order and which qualifies for protection under Federal Rule of Civil Procedure 26(c). The "CONFIDENTIAL" designation shall not obscure or interfere with the legibility of the designated information.

6. CONFIDENTIAL material may be designated as such only if it is truly confidential as defined above and only if a party believes in good faith that it would be prejudiced by public disclosure of the material.

7. A Party or non-party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the producing party must determine which documents, or portions thereof, qualify for protection under this Protective Order. Then, before producing the specified documents, the producing party must affix the appropriate "CONFIDENTIAL" designation to each page that contains CONFIDENTIAL or ATTORNEYS' EYES ONLY information.

8. Except upon further order of the Court or by express written consent of counsel for the disclosing party, CONFIDENTIAL INFORMATION furnished in this litigation shall not be disclosed by the receiving party to any person or entity other than:

    (a) The Court and its personnel;

    (b) Counsel of record, including employees of counsel of record (such

|     |     |                                                                                             |
| --- | --- | ------------------------------------------------------------------------------------------- |
|     |     | as paralegals, clerks, secretaries, associates, and partners) actively engaged in this litigation; |
|     | (c) | Experts retained by the Parties for the purposes of this litigation, either personal or corporate (and the professional secretarial and clerical staff of such entities) and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); |
|     | (d) | Court reporters and their staff; |
|     | (e) | Professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); |
|     | (f) | The Parties in this case; |
|     | (g) | Employees of a Party's insurance carrier, if any, that may cover damage claims made in connection with this lawsuit and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); |
|     | (h) | Potential witnesses who authored or received a document and for whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); |
|     | (i) | During depositions in this Action, witnesses, and attorneys for witnesses, to whom disclosure is reasonably necessary, provided the deposing party requests that the witness signs the "Acknowledgement and Agreement to Be Bound" (Exhibit A). Witnesses will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal |

protected material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(j) Any mediator or settlement officer, and their supporting personnel in the context of settlement discussions.

9. Anyone receiving CONFIDENTIAL INFORMATION hereunder shall not disclose such CONFIDENTIAL INFORMATION to any person to whom disclosure is not authorized by the express terms of this Protective Order and shall not make any other disclosure of such CONFIDENTIAL INFORMATION for any purpose whatsoever, commercial or otherwise. CONFIDENTIAL INFORMATION shall not be used by any receiving person or party except in connection with the conduct of this litigation (i.e., preparation for trial of this case). Use by any person of CONFIDENTIAL INFORMATION received for any purpose other than the conduct of this litigation shall be a violation of this Protective Order.

10. Each person to whom disclosure of all or part of the aforesaid CONFIDENTIAL INFORMATION is made shall agree to subject himself/herself/itself personally to the jurisdiction of the Court in which this litigation is pending solely for the purpose of proceedings relating to the performance under, compliance with, or violation of this Protective Order.

11. Prior to the disclosure to any person identified in paragraphs 8(c), 8(e), 8(g), 8(h) and 8(i) hereof of an opposing party's or third-party's CONFIDENTIAL INFORMATION, such person shall be furnished with a copy of this Protective Order and shall be required to execute the "Acknowledgement and Agreement to Be Bound," in the form of Attachment "A," acknowledging that the person has read this Protective Order and agrees to be bound by its terms, including the obligation to protect such confidential information from discovery by unauthorized persons.

12. The parties acknowledge and agree that this Protective Order shall not be deemed to be a waiver of any of the parties' rights or remedies, other than those expressly waived herein.

13. The recipient of any CONFIDENTIAL INFORMATION that is provided pursuant to this Protective Order shall maintain such CONFIDENTIAL INFORMATION in a secure and safe area, and the recipient shall exercise all reasonable standards of due and proper care with respect to the storage, custody and use of such CONFIDENTIAL INFORMATION, so that it is not further disclosed or used, either intentionally or inadvertently, in any manner inconsistent with this Protective Order.

14. Once this case proceeds to trial, if information that was designated as CONFIDENTIAL INFORMATION or maintained pursuant to this Protective Order is used or introduced as an exhibit at trial, that inforamtion becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

**V. CONFIDENTIAL INFORMATION FOR ATTORNEYS' EYES ONLY**

15. If the disclosing party believes in good faith that particular CONFIDENTIAL INFORMATION involves a trade secret, the disclosure of which would cause irreparable harm to its business, the disclosing party may use the designation: "CONFIDENTIAL INFORMATION FOR ATTORNEYS' EYES ONLY," or the equivalent, in lieu of the notice set forth in Section IV, Paragraph 5. The term "CONFIDENTIAL INFORMATION FOR ATTORNEYS' EYES ONLY" is used hereinafter to refer to CONFIDENTIAL INFORMATION that has been so

designated pursuant to this Protective Order. Except upon further Order of the Court, or by express written consent of counsel for the disclosing party, disclosure of documents, things and testimony designated CONFIDENTIAL INFORMATION FOR ATTORNEYS' EYES ONLY, and any information contained therein, shall be restricted by the receiving party solely to:

(a) The Court and its personnel;

(b) Counsel of record, including employees of counsel of record (such as paralegals, clerks, secretaries, associates, and partners) actively engaged in this litigation;

(c) Experts retained by the Parties for the purposes of this litigation, either personal or corporate (and the professional secretarial and clerical staff of such entities) and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) Court reporters and their staff;

(e) Any mediator or settlement officer, and their supporting personnel in the context of confidential settlement discussions; and

(f) In-house counsel only if specifically authorized by agreement among the Parties.

## VI. SPECIAL PROVISIONS FOR DEPOSITIONS

16. Prior to, or during, the deposition, any party may designate any portion thereof as CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION FOR ATTORNEYS' EYES ONLY, in which case it shall be so considered and treated as within the terms of this Protective Order. The original and all copies of any portions of deposition transcripts designated pursuant to this Protective Order shall be considered to contain CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION FOR ATTORNEYS' EYES ONLY and shall be marked by the court reporter with the notice "CONFIDENTIAL INFORMATION COVERED BY PROTECTIVE ORDER" or "CONFIDENTIAL INFORMATION

FOR ATTORNEYS' EYES ONLY" or the equivalent, subject to the requirements and limitations set forth in Sections VII and VIII hereof.

17. In addition, any party may designate any portion of a deposition transcript as CONFIDENTIAL INFORMATION within fifteen (15) days after receiving the deposition transcript of any person. From the receipt by any party of such designation, such party shall treat the deposition as containing CONFIDENTIAL INFORMATION, and the portions of the transcript so designated shall be maintained according to the requirements of this Protective Order.

18. Where a party believes in good faith that a question at a deposition may elicit trade secret information that would be entitled to be treated as ATTORNEYS' EYES ONLY pursuant to Section V, Paragraph 15 hereof, that party shall be entitled to require the exclusion from the deposition, during the period that such information may be disclosed, of any persons other than the deponent and those identified in Paragraph 15.

## VII. FILING WITH THE COURT

19. The Parties shall comply with the applicable procedures identified in the Local Rules of the United States District Court for the Central District of California and the relevant Chambers Rules in regard to filing CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION FOR ATTORNEYS' EYES ONLY documents under seal.

20. The Parties further acknowledge that this Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal. There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana*, 447 F.3d at 1176; *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *Makar-Welbon v. Sony*

*Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (finding that even stipulated protective orders require good cause showing and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification must be made with respect to Protected Material that a party seeks to file under seal). The Parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION FOR ATTORNEYS' EYES ONLY does not – without the submission of competent evidence by declaration establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable – constitute good cause.

21. If a party requests sealing related to a dispositive motion or trial, then compelling reasons and not only good cause for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Competent evidence supporting the application to file documents under seal must be provided by declaration.

22. Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

## VIII. LIMITATIONS ON RESTRICTIONS

23. The entry of this Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any party with respect to the discovery of matters including but not limited to any party's right to assert the

attorney-client privilege, the attorney work-product doctrine, or other privileges, or any Party's right to contest any such assertion.

24. Nothing in this Protective Order shall affect the admissibility into evidence of information designated as CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION FOR ATTORNEYS' EYES ONLY, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of such confidential information.

25. The inadvertent production by any of the Parties or non-parties to this Protective Order, of any document, testimony or information during discovery in this case without a CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION FOR ATTORNEYS' EYES ONLY designation, shall be without prejudice to any claim that such item is confidential. Further, such producing party shall not be held to have waived any rights by such inadvertent production. In the event that any document, testimony or information that is subject to a CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION FOR ATTORNEYS' EYES ONLY designation is inadvertently produced without such designation, the party that inadvertently produced the document shall give written notice of such inadvertent production within fifteen (15) days of discovery of the inadvertent production, together with a further copy of the subject document, testimony or information designated as CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION FOR ATTORNEYS' EYES ONLY (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the party that received the inadvertently produced document, testimony or information shall either: (1) promptly destroy the inadvertently produced document, testimony or information and all copies thereof; or (2) promptly return such together with all copies of such document, testimony or information to counsel for the producing party and shall retain only the CONFIDENTIAL INFORMATION or

CONFIDENTIAL INFORMATION FOR ATTORNEYS' EYES ONLY designated materials. Should the receiving party choose to destroy such inadvertently produced document, testimony or information, the receiving party shall notify the producing party in writing of such destruction within fifteen (15) days of receipt of written notice of the inadvertent production. This provision is not intended to apply to any inadvertent production of any information protected by attorney-client or work product privileges.

## X.   REMOVAL FROM CONFIDENTIALITY

26. If the receiving party disagrees with a CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION FOR ATTORNEYS' EYES ONLY designation, it may notify counsel for the disclosing party in writing of such disagreement by specifically identifying the CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION FOR ATTORNEYS' EYES ONLY the receiving party contends is not properly designated or not confidential at all, and request that the designation be so changed. Within fifteen (15) days after receipt of such request, both parties will confer in good faith pursuant to Local Rule 37-1 as to the proper status of such information. If the parties are unable to reach agreement, the receiving party may apply to the Court for re-designation of such information. At any hearing or briefing with respect to such re-designation, the disclosing party shall have the burden of establishing the confidentiality of the particular CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION FOR ATTORNEYS' EYES ONLY. While such application and ruling are pending, the receiving party shall treat such information as CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION FOR ATTORNEYS' EYES ONLY (as applicable) under this Protective Order as designated by the disclosing party. No party shall be obligated to challenge the propriety of a confidential designation, and any failure to do so at any time shall not preclude a subsequent challenge to the propriety of such designation. The Parties

acknowledge that the Court has authority to award sanctions (e.g., attorneys' fees and costs incurred) to the prevailing party in any dispute over CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION FOR ATTORNEYS' EYES ONLY designations pursuant to this Protective Order.

## XI. GENERAL PROVISIONS

27. This Protective Order shall be without prejudice to the right of either party to object or oppose production of any information for lack of relevance or any other ground other than the mere presence of CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION FOR ATTORNEYS' EYES ONLY.

28. At the conclusion of all proceedings in this litigation, all CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION FOR ATTORNEYS' EYES ONLY furnished pursuant to the terms of this Protective Order, and all copies thereof and all notes taken from such CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION FOR ATTORNEYS' EYES ONLY which are not in the custody of the Court, shall be either returned to the party furnishing the CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION FOR ATTORNEYS' EYES ONLY or destroyed at the option of the receiving party.  If the receiving party elects to destroy documents embodying or reflecting CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION FOR ATTORNEYS' EYES ONLY, the receiving party so electing shall, within fifteen (15) days of said destruction, certify to the disclosing party in writing that such destruction has been completed.  Nothing in this Protective Order shall preclude the attorneys that the Parties have specifically retained for this action from retaining an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION FOR ATTORNEYS' EYES ONLY.  Any such archival copies that contain or constitute CONFIDENTIAL INFORMATION or CONFIDENTIAL

INFORMATION FOR ATTORNEYS' EYES ONLY remain subject to this Protective Order.

29. The Court may make such further Orders and directions as it deems appropriate or necessary concerning the subject matter of this Protective Order.

## XII. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

30. If a receiving party learns that, by inadvertence or otherwise, it has disclosed protected material to any person or in any circumstance not authorized under this Protective Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

1  whom unauthorized disclosures were made of all the terms of this Protective Order,
2  and (d) request such person or persons to execute the "Acknowledgment and
3  Agreement to Be Bound" that is attached hereto as Exhibit A.

**SO STIPULATED AND AGREED.**

                                          Respectfully submitted,

Dated: June 18, 2020               BAKER MARQUART LLP

                                          By: */s/ Ryan G. Baker*
                                               Ryan G. Baker
                                               *Attorneys for Plaintiffs,*
                                               *INTERNATIONAL MEDICAL DEVICES,*
                                               *MENOVA, and DR. ELIST*

Dated: June 18, 2020               HALPERN MAY YBARRA GELBERG LLP

                                          By: */s/ Heather L. Mayer*
                                               Heather L. Mayer
                                               *Attorneys for Defendants*
                                               *ROBERT CORNELL, M.D., AUGMENTA,*
                                               *LLC, ROBERT J. CORNELL, M.D., P.A.,*
                                               *JONATHAN CLAVELL, M.D. and*
                                               *CLAVELL UROLOGY, PLLC*

**IT IS SO ORDERED.**

Dated: June 24, 2020
                                          HON. ROZELLA A. OLIVER
                                          United States Magistrate Judge

## ATTESTATION FOR SIGNATURES

I, Ryan G. Baker, am the ECF user whose user ID and password authorized the filing of this document. Pursuant to L.R. 5-4.3.4(a)(2)(i), I attest that all signatories to this document have concurred and authorized this filing.

Dated: June 17, 2020       BAKER MARQUART LLP

By: /s/ Ryan G. Baker
Ryan G. Baker
*Attorneys for Plaintiffs,*
*INTERNATIONAL MEDICAL DEVICES,*
*MENOVA, and DR. ELIST*

# ATTACHMENT A
# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I _____, declare under penalty of perjury under the laws of the State of California, as follows: I am fully familiar with the terms of the Stipulated Protective Order entered in *International Medial Devices, Inc. et al. v. Robert Cornell, MD et al.*, United States District Court for the Central District of California, Case No.: 2:20-cv-03503-CBM (RAOx), and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of the Court. I hereby consent to the jurisdiction of the District Court for the sole purpose of enforcing this Order.

Dated:_____  Signed: _____

Name (print): _____

Company (print): _____

Telephone: _____