Ryan G. Baker (Bar No. 214036)
  rbaker@bakermarquart.com
Brian Grace (Bar No. 307826)
  bgrace@bakermarquart.com
Emily R. Stierwalt (Bar No. 323927)
  estierwalt@bakermarquart.com
BAKER MARQUART LLP
777 S. Figueroa St., Suite 2850
Los Angeles, California 90017
Telephone: (424) 652-7800
Facsimile: (424) 652-7850

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| INTERNATIONAL MEDICAL DEVICES, INC., a corporation organized under the laws of California; MENOVA INTERNATIONAL, INC., a corporation organized under the laws of California; and JAMES ELIST, MD, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT CORNELL, MD, an individual; AUGMENTA, LLC, a corporation organized under the laws of Delaware; ROBERT J. CORNELL, M.D., P.A., a professional association organized under the laws of Texas; JONATHAN CLAVELL, MD, an individual; CLAVELL UROLOGY, PLLC, a professional limited liability corporation organized under laws of Texas; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:20-cv-03503-CBM (RAOx)<br><br>**PLAINTIFFS' OBJECTIONS TO THE DECLARATION OF DR. ROBERT CORNELL IN SUPPORT OF DEFENDANTS' OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**<br><br>Judge: Hon. Consuelo B. Marshall<br><br>Date: November 10, 2020<br>Time: 10:00 a.m.<br>Courtroom: 8B<br><br>[Concurrently filed with Plaintiffs' Reply] |

Plaintiffs International Medical Devices, Inc. ("IMD"), Menova International, Inc. ("Menova") and James Elist, MD ("Dr. Elist") (collectively, "Plaintiffs") hereby submit the following evidentiary objections to the Declaration of Dr. Robert Cornell ("Cornell") in support of Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction (Dkt. 59-1) (the "Cornell Dec."):

| Para. | Material Objected To | Specific Objection | Ruling |
|---|---|---|---|
| ¶ 3 | "My wealth of experience provided me with the requisite skills to readily implant the cosmetic device as well as understand potential issues that might arise from such a procedure." | **Improper Expert Opinion. (FRE 702)**<br><br>The declarant has not been qualified as an expert to testify about the requisite skills required to implant cosmetic penile implants or the potential issues that might arise from such a procedure.  The declarant does not lay the foundation to establish that he has the requisite qualifications to testify on this subject or that his opinion is based on reliable data, principles or methodology.<br><br>**Lacks Foundation for Opinion Testimony by Lay Witness.  (FRE 701)**<br><br>The declarant does not lay the foundation to establish that his opinion that he had the requisite | Sustained __<br><br>Overruled __ |

| Para. | Material Objected To | Specific Objection | Ruling |
|---|---|---|---|
| | | skills to readily implant the Penuma cosmetic silicone penile implant and understand the potential issues that might arise from the procedure. Cornell previously testified that had never held a Penuma implant, observed a Penuma implant procedure, or performed any cosmetic penile implant procedures. (Dkt. 50, Ex. A at 27:14-28:1, 123:8-21, 138:2-15, Ex. D at No. 8.) | |
| ¶ 9 | "The instruments on the list are all known common instruments available to any surgeon." | **Improper Expert Opinion. (FRE 702)**<br><br>The declarant has not been qualified as an expert to testify about the general availability of instruments to any surgeon. The declarant does not lay the foundation to establish that he has the requisite qualifications to testify on this subject or that his opinion is based on reliable data, principles or methodology.<br><br>**Lacks Foundation for Opinion Testimony by Lay Witness. (FRE 701)** | Sustained __<br><br>Overruled __ |

| Para. | Material Objected To | Specific Objection | Ruling |
|---|---|---|---|
| | | The declarant does not lay the foundation to establish that his opinion that he had the instruments on the list are all known common instruments available to any surgeon. **Misleading or False Statement with No Probative Value / Irrelevant (FRE 403)** The declarant's statement that all of the instruments on the list are common is irrelevant. It is also more prejudicial than probative. The list includes instruments not typically used in the field of urology. (Dkt. 49 ¶ 20.) Furthermore, whether each instrument on the list by itself is common is irrelevant to determining whether the list is a protectable trade secret. *United States v. Nosal*, 844 F.3d 1024, 1042 (9th Cir. 2016) (quoting *Boeing Co. v. Sierracin Corp.*, 108 Wash.2d 38, 738 P.2d 665, 675 (1987)("A trade secret can exist in a combination of characteristics and components, each of | |

| Para. | Material Objected To | Specific Objection | Ruling |
|---|---|---|---|
| | | which, by itself, is in the public domain, but the unified process design and operation of which in unique combination affords a competitive advantage and is a protectable trade secret.")). | |
| ¶ 11 | "While observing the Penuma device and implant procedures at Dr. Elist's facility, I noticed several issues that could be problematic. For example, the excessive rigidity and bulkiness of the Penuma device increased the risk of skin erosion, patient and partner discomfort, and the need for device removal. Furthermore, the Penuma surgical procedure's use of non-absorbable suture placement through a separate piece of mesh over the delicate nerves and blood vessels solely supplying the distal penis was unnecessarily dangerous and cumbersome, likely risking more serious complications during initial device insertion as well as any subsequently-required reoperation for device revision or removal." | **Improper Expert Opinion. (FRE 702)**<br><br>The declarant has not been qualified as an expert to offer testimony regarding the potential or likely risks or complications of the Penuma procedure. The declarant does not lay the foundation to establish that he has the requisite qualifications to testify on this subject or that his opinion is based on reliable data, principles or methodology.<br><br>**Lacks Foundation for Opinion Testimony by Lay Witness. (FRE 701)**<br><br>The declarant does not lay the foundation to establish that his opinion | Sustained __<br><br>Overruled __ |

4
PLAINTIFFS' OBJECTIONS TO DECLARATION OF DR. ROBERT CORNELL ISO OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

| Para. | Material Objected To | Specific Objection | Ruling |
|---|---|---|---|
| | | that he identified potential risks or complications associated with the Penuma procedure. The declarant has never performed a cosmetic penile implant procedure. (Dkt. 50, Ex. D at No. 8.) | |
| ¶ 16 | "Upon notice from Plaintiffs that they considered my mentions of Penuma unauthorized, I immediately instructed my office managers to have all mentions of Penuma removed from my website and ads. These instructions were relayed to the proper entities, however, unbeknownst to me those entities failed to remove the references immediately as instructed." | **Foundation/Lack of Personal Knowledge. (FRE 602, *et seq.*); No Probative Value (FRE 403).**<br><br>The declarant does not lay the foundation to establish that "these instructions were relayed to the proper entities." In fact, Defendants' internal documents show that Cornell did not request to remove Penuma from his Google advertising until after this lawsuit was filed. (Dkt. 50, Ex. Z at 12993 ("You requested in late April [2020] that we remove this word [Penuma] . . . off the website . . . and your add-on services (e.g. Blog and Google Search Ads)").<br><br>Because this statement contradicts testimony | Sustained __<br><br>Overruled __ |

| Para. | Material Objected To | Specific Objection | Ruling |
|---|---|---|---|
| | | and other evidence previously produced in this case, this statement has no probative value and should be excluded pursuant to FRE 403. | |

Dated: October 27, 2020      BAKER MARQUART LLP

By:    */s/ Ryan G. Baker*
       Ryan G. Baker
       *Attorneys for Plaintiffs,*
       *INTERNATIONAL MEDICAL DEVICES,*
       *INC., MENOVA INTERNATIONAL, INC.,*
       *and JAMES ELIST, M.D.*

PLAINTIFFS' OBJECTIONS TO DECLARATION OF DR. ROBERT CORNELL ISO OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION