Ryan G. Baker (Bar No. 214036)
    rbaker@bakermarquart.com
Brian Grace (Bar No. 307826)
    bgrace@bakermarquart.com
Emily R. Stierwalt (Bar No. 323927)
    estierwalt@bakermarquart.com
BAKER MARQUART LLP
777 S. Figueroa St., Suite 2850
Los Angeles, California 90017
Telephone: (424) 652-7800
Facsimile: (424) 652-7850

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| INTERNATIONAL MEDICAL DEVICES, INC., a corporation organized under the laws of California; MENOVA INTERNATIONAL, INC., a corporation organized under the laws of California; and JAMES ELIST, MD, an individual,<br><br>    Plaintiffs,<br><br>    v.<br><br>ROBERT CORNELL, MD, an individual; AUGMENTA, LLC, a corporation organized under the laws of Delaware; ROBERT J. CORNELL, M.D., P.A., a professional association organized under the laws of Texas; JONATHAN CLAVELL, MD, an individual; CLAVELL UROLOGY, PLLC, a professional limited liability corporation organized under laws of Texas; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. 2:20-cv-03503-CBM (RAOx)<br><br>**DECLARATION OF BRIAN T. GRACE IN RESPONSE TO THE COURT'S AMENDED MINUTE ORDER [DKT. 99] RE PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Judge: Hon. Consuelo B. Marshall<br><br>Date: November 10, 2020<br>Time: 10:00 a.m.<br>Courtroom: 8B |

GRACE DECLARATION IN RESPONSE TO MINUTE ORDER [DKT. 99] RE PLAINTIFFS' MOTION
FOR PRELIMINARY INJUNCTION

## DECLARATION OF BRIAN T. GRACE

I, Brian T. Grace, declare:

1. I am an attorney at Baker Marquart LLP, counsel for plaintiffs International Medical Devices, Inc. ("IMD"), Menova International, Inc. ("Menova") and James Elist, MD ("Dr. Elist") (collectively, "Plaintiffs'") in the above-captioned action. I submit this declaration in response to the Court's November 23, 2020 Amended Minute Order. (Dkt. 99.) I have personal knowledge of the facts set forth herein. To the extent this declaration reflects legal conclusions, these conclusions reflect my understanding of the cited legal authority. If called upon to testify, I could and would testify competently regarding the contents of this declaration.

### Status of the '821 Patent Application

2. I have reviewed the patent prosecution history for United States Patent Application No. 16/238,821 (the "'821 Application"). The '821 Application lists Robert J. Cornell, David J. Nichols, and Hans A. Mische as inventors. Augmenta, LLC is the applicant and designated assignee. Augmenta LLC filed the application as a small entity.

3. The most recent entry in the prosecution history for the '821 Application is a Notice of Allowance and Fee(s) Due ("Notice of Allowance"). This indicates the USPTO has finished the prosecution of the '821 Application on the merits and deemed it eligible for issuance as a patent. The Notice of Allowance provides that the '821 Application "has been examined and is allowed for issuance as a patent" and that "the issue fee and publication fee (if required) must be paid within three months from the mailing date of this notice or this application shall be regarded as abandoned. This statutory period cannot be extended. See 35 U.S.C. 151." The Notice of Allowance indicates it was mailed on September 23, 2020, and an issue fee of $500 is due by December 23, 2020.  A true and correct copy of the Notice of Allowance is attached as **Exhibit A**.

4.     On November 18, 2020, lead counsel for defendant Augmenta, LLC, David K. Wooten, confirmed to me that the issue fee for the '821 Application has not been paid.

**Petition to Revive Abandoned Application for Unintentional Delay in Paying Issue Fee**

5.     Once a patent application issue fee is paid, there is a public policy that the patent will issue in the regular course. 37 CFR 1.314. However, if the issue fee is not paid by the due date, the application is regarded as abandoned. *See* 35 U.S.C. 151(b); *see also* Exhibit A.  An application that is abandoned due to an issue fee not being timely paid can be revived through a petition to the USPTO.  *See* 35 U.S.C. 27; 37 CFR 1.137.

6.     37 CFR 1.137 provides for the revival of abandoned applications on the basis of unintentional delay for failure to timely pay the issue fee for a utility patent application.  *See also* Manual of Patent Examining Procedure ("MPEP") § 711.03(c) Petitions Relating to Abandonment [R-10.2019].

7.     A petition under 37 CFR 1.137(a) for failure to timely pay an issue fee requires: (1) the payment of the issue fee; (2) the petition fee as set forth in 37 CFR 1.17(m); and (3) a statement that the entire delay in filing the issue fee from the due date of the issue fee until the filing of the petition was unintentional.  "The Director may require additional information where there is a question whether the delay was unintentional." *Id*.  The form for submission of a petition under 37 CFR 1.137(a) is attached as **Exhibit B**.

8.     The petition fee set forth in 37 CFR 1.17(m) for a small entity, such as Augmenta, LLC, is currently $1050.00.  (See Patent petition fees – petition for the delayed payment of fee for issuing each patent https://www.uspto.gov/learning-and-resources/fees-and-payment/uspto-fee-schedule).

2

9. "The legislative history of Public Law 97-247, § 3, 96 Stat. 317 (1982), reveals that the purpose of the unintentional delay revival provision is to permit the Office to have discretion to revive abandoned applications in appropriate circumstances, but places a limit on this discretion stating that '[u]nder this section a petition accompanied by [the requisite fee] would not be granted where the abandonment or the failure to pay the fee for issuing the patent was intentional as opposed to being unintentional or unavoidable." MPEP § 711.03(c)(II)(C) (citing H.R. Rep. No. 542, 97th Cong., 2d Sess. 6-7 (1982), *reprinted in* 1982 U.S.C.C.A.N. 770-71.) "A delay resulting from a deliberately chosen course of action on the part of the applicant is not an 'unintentional' delay within the meaning of 37 CFR 1.137." MPEP § 711.03(c)(II)(C).

10. The USPTO "is almost always satisfied as to whether 'the entire delay…was unintentional' on the basis of statement(s) by the applicant or representative explaining the cause of the delay (accompanied at most by copies of correspondence relevant to the period of delay)." MPEP § 711.03(c)(II)(C). However, "[w]here a petition pursuant to 37 CFR 1.137 is not filed within 1 year of the date of abandonment of the application . . . the Office may require: (A) further information as to when the applicant (or the applicant's representative) first became aware of the abandonment of the application; and (B) a showing as to how the delay in discovering the abandoned status of the application occurred." MPEP § 711.03(c)(II)(D).

**Effect of Enjoining Defendants from Taking Further Action with Respect to the '821 Application**

11. If the Court were to issue a preliminary injunction preventing Defendants from taking further action before the USPTO with respect to the '821 Application, including payment of the issue fee, pending a final determination on the merits of this action, Defendants would be enjoined from paying the issue fee by the specified due date of December 23, 2020. This would cause the '821 Application to be regarded as

3

abandoned. The '821 Application would then be subject to revival due to unintentional delay, as any delay would be the result of compliance with a court order.

12. If Defendants were to ultimately prevail on the merits of this action, Defendants could file a petition with the USPTO pursuant to 37 CFR 1.137 to revive the '821 Application due to an unintentional delay in payment of the issue fee. Defendants' petition could explain the reason for the delay in payment of the issue fee was unintentional in that Defendants were enjoined pursuant to the Court's preliminary injunction order.

## Continuation Application

13. A continuation application is a new patent application derived from an earlier-filed application. *See* MPEP § 201.07. Before the issue fee due date, the applicant may still file a continuation application with the same claims as the allowed claims in the pending application. *Id*. Such a continuation application acts as a new application but maintains the same priority date as the original or "parent" application. The applicant may also file a continuing application on or before the day the issue fee is due and permit the original or "parent" application to become abandoned for failure to pay the issue fee. MPEP § 1308(I)(A) citing 35 U.S.C. 151. This effectively restarts the examination timeline on the application for the same set of patent claims, delaying issuance of an enforceable patent for approximately 18 months.

14. The Court could enter a preliminary injunction order permitting Defendants file a continuation application for the '821 Application while also enjoining Defendants from paying the issue fee, which would allow the original '821 Application become abandoned. If Plaintiffs prevail on the on the final merits in this action, the Court could then order Defendants to abandon the pending continuation application.

//
//

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 24, 2020, at Santa Monica, CA

                                                /s/ *Brian T. Grace*

                                                Brian T. Grace

GRACE DECLARATION IN RESPONSE TO MINUTE ORDER [DKT. 99] RE PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

**EXHIBIT A**



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

| | | |
|---|---|---|
| 23444      7590      09/23/2020 | | |
| ANDREWS KURTH KENYON LLP | | |
| 600 TRAVIS, SUITE 4200 | | |
| HOUSTON, TX 77002 | | |

| EXAMINER |
|---|
| LACYK, JOHN P |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3791 | |

DATE MAILED: 09/23/2020

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 16/238,821 | 01/03/2019 | Robert J. Cornell | 113066.0000002 | 4908 |

TITLE OF INVENTION: IMPLANTS THAT FACILITATE TISSUE EXPANSION

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | SMALL | $500 | $0.00 | $0.00 | $500 | 12/23/2020 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED. THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.**

**THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY PERIOD CANNOT BE EXTENDED. SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE DOES NOT REFLECT A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE IN THIS APPLICATION. IF AN ISSUE FEE HAS PREVIOUSLY BEEN PAID IN THIS APPLICATION (AS SHOWN ABOVE), THE RETURN OF PART B OF THIS FORM WILL BE CONSIDERED A REQUEST TO REAPPLY THE PREVIOUSLY PAID ISSUE FEE TOWARD THE ISSUE FEE NOW DUE.**

**HOW TO REPLY TO THIS NOTICE:**

I. Review the ENTITY STATUS shown above. If the ENTITY STATUS is shown as SMALL or MICRO, verify whether entitlement to that entity status still applies.

If the ENTITY STATUS is the same as shown above, pay the TOTAL FEE(S) DUE shown above.

If the ENTITY STATUS is changed from that shown above, on PART B - FEE(S) TRANSMITTAL, complete section number 5 titled "Change in Entity Status (from status indicated above)".

For purposes of this notice, small entity fees are 1/2 the amount of undiscounted fees, and micro entity fees are 1/2 the amount of small entity fees.

II. PART B - FEE(S) TRANSMITTAL, or its equivalent, must be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted. If an equivalent of Part B is filed, a request to reapply a previously paid issue fee must be clearly made, and delays in processing may occur due to the difficulty in recognizing the paper as an equivalent of Part B.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Maintenance fees are due in utility patents issuing on applications filed on or after Dec. 12, 1980. It is patentee's responsibility to ensure timely payment of maintenance fees when due. More information is available at www.uspto.gov/PatentMaintenanceFees.**

Page 1 of 3

PTOL-85 (Rev. 02/11)

# PART B - FEE(S) TRANSMITTAL

Complete and send this form, together with applicable fee(s), by mail or fax, or via EFS-Web.

| | |
|---|---|
| By mail, send to: | Mail Stop ISSUE FEE<br>Commissioner for Patents<br>P.O. Box 1450<br>Alexandria, Virginia 22313-1450 |
| By fax, send to: | (571)-273-2885 |

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

23444    7590    09/23/2020
ANDREWS KURTH KENYON LLP
600 TRAVIS, SUITE 4200
HOUSTON, TX 77002

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being transmitted to the USPTO via EFS-Web or by facsimile to (571) 273-2885, on the date below.

_____ (Typed or printed name)
_____ (Signature)
_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 16/238,821 | 01/03/2019 | Robert J. Cornell | 113066.0000002 | 4908 |

TITLE OF INVENTION: IMPLANTS THAT FACILITATE TISSUE EXPANSION

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | SMALL | $500 | $0.00 | $0.00 | $500 | 12/23/2020 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| LACYK, JOHN P | 3791 | 600-040000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).
   ☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.
   ☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-09 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list
   (1) The names of up to 3 registered patent attorneys or agents OR, alternatively,
   (2) The name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

   1 _____
   2 _____
   3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

   PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document must have been previously recorded, or filed for recordation, as set forth in 37 CFR 3.11 and 37 CFR 3.81(a). Completion of this form is NOT a substitute for filing an assignment.

   (A) NAME OF ASSIGNEE         (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent): ☐ Individual ☐ Corporation or other private group entity ☐ Government

4a. Fees submitted:   ☐ Issue Fee   ☐ Publication Fee (if required)   ☐ Advance Order - # of Copies _____

4b. Method of Payment: *(Please first reapply any previously paid fee shown above)*
   ☐ Electronic Payment via EFS-Web   ☐ Enclosed check   ☐ Non-electronic payment by credit card (Attach form PTO-2038)
   ☐ The Director is hereby authorized to charge the required fee(s), any deficiency, or credit any overpayment to Deposit Account No. _____

5. **Change in Entity Status** (from status indicated above)
   ☐ Applicant certifying micro entity status. See 37 CFR 1.29
   ☐ Applicant asserting small entity status. See 37 CFR 1.27
   ☐ Applicant changing to regular undiscounted fee status.

   NOTE: Absent a valid certification of Micro Entity Status (see forms PTO/SB/15A and 15B), issue fee payment in the micro entity amount will not be accepted at the risk of application abandonment.
   NOTE: If the application was previously under micro entity status, checking this box will be taken to be a notification of loss of entitlement to micro entity status.
   NOTE: Checking this box will be taken to be a notification of loss of entitlement to small or micro entity status, as applicable.

NOTE: This form must be signed in accordance with 37 CFR 1.31 and 1.33. See 37 CFR 1.4 for signature requirements and certifications.

Authorized Signature _____         Date _____

Typed or printed name _____         Registration No. _____

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 16/238,821 | 01/03/2019 | Robert J. Cornell | 113066.0000002 | 4908 |

| 23444 | 7590 | 09/23/2020 |
|---|---|---|

ANDREWS KURTH KENYON LLP
600 TRAVIS, SUITE 4200
HOUSTON, TX 77002

| EXAMINER |
|---|
| LACYK, JOHN P |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3791 | |

DATE MAILED: 09/23/2020

## Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
(Applications filed on or after May 29, 2000)

The Office has discontinued providing a Patent Term Adjustment (PTA) calculation with the Notice of Allowance.

Section 1(h)(2) of the AIA Technical Corrections Act amended 35 U.S.C. 154(b)(3)(B)(i) to eliminate the requirement that the Office provide a patent term adjustment determination with the notice of allowance. See Revisions to Patent Term Adjustment, 78 Fed. Reg. 19416, 19417 (Apr. 1, 2013). Therefore, the Office is no longer providing an initial patent term adjustment determination with the notice of allowance. The Office will continue to provide a patent term adjustment determination with the Issue Notification Letter that is mailed to applicant approximately three weeks prior to the issue date of the patent, and will include the patent term adjustment on the patent. Any request for reconsideration of the patent term adjustment determination (or reinstatement of patent term adjustment) should follow the process outlined in 37 CFR 1.705.

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at 1-(888)-786-0101 or (571)-272-4200.

Page 3 of 3

PTOL-85 (Rev. 02/11)

# EXHIBIT B

Doc Code: PET.OP
Document Description: Petition for Review by the Office of Petitions

PTO/SB/64 (01-18)
Approved for use through 11/30/2020. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| | |
|---|---|
| **PETITION FOR REVIVAL OF AN APPLICATION FOR PATENT ABANDONED UNINTENTIONALLY UNDER 37 CFR 1.137(a)** <br> Page 1 of 2 | Docket Number (Optional) |

First named inventor: _____

Application No.: _____ Art Unit: _____

Filed: _____ Examiner: _____

Title: _____

Attention: Office of Petitions
**Mail Stop Petition**
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450
FAX (571) 273-8300

NOTE: If information or assistance is needed in completing this form, please contact the Office of Petitions at (571) 272-3282.

The above-identified application became abandoned for failure to file a timely and proper reply to a notice or action by the United States Patent and Trademark Office. The date of abandonment is the day after the expiration date of the period set for reply in the Office notice or action plus any extensions of time actually obtained.

**APPLICANT HEREBY PETITIONS FOR REVIVAL OF THIS APPLICATION.**

NOTE: A grantable petition requires the following items:
(1) Petition fee;
(2) Reply and/or issue fee;
(3) Terminal disclaimer with disclaimer fee – required for all utility and plant applications filed before June 8, 1995, and for all design applications; and
(4) Statement that the entire delay was unintentional.

1. **Petition fee**

   ☐ Small entity fee $ _____ (37 CFR 1.17(m)). Applicant asserts small entity status. See 37 CFR 1.27.

   ☐ Micro entity fee $ _____ (37 CFR 1.17(m)). Applicant certifies micro entity status. See 37 CFR 1.29.
   Form PTO/SB/15A or B or equivalent must either be enclosed or have been submitted previously.

   ☐ Undiscounted fee $ _____ (37 CFR 1.17(m)).

2. **Reply and/or fee**

   A  The reply and/or fee to the above-noted Office notice or action in the form of

   _____ (identify the type of reply):

   ☐ has been filed previously on _____.

   ☐ is enclosed herewith.

   B  The issue fee and publication fee (if applicable) of $ _____

   ☐ has been paid previously on _____.

   ☐ is enclosed herewith.

This collection of information is required by 37 CFR 1.137(b). The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11, 1.14 and 41.6. This collection is estimated to take 1 hour to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Mail Stop Petition, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

Doc Code: PET.OP
Document Description: Petition for Review by the Office of Petitions

PTO/SB/64 (01-18)
Approved for use through 11/30/2020. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# PETITION FOR REVIVAL OF AN APPLICATION FOR PATENT ABANDONED UNINTENTIONALLY UNDER 37 CFR 1.137(a)

Page 2 of 2

3. **Terminal disclaimer with disclaimer fee**

   ☐ Since this utility/plant application was filed on or after June 8, 1995, no terminal disclaimer is required.

   ☐ A terminal disclaimer (and disclaimer fee (37 CFR 1.20(d)) of $ _____) disclaiming the required period of time is enclosed herewith (see PTO/SB/63).

4. **STATEMENT:** The entire delay in filing the required reply from the due date for the required reply until the filing of a grantable petition under 37 CFR 1.137(a) was unintentional. [NOTE: The United States Patent and Trademark Office may require additional information if there is a question as to whether either the abandonment or the delay in filing a petition under 37 CFR 1.137(a) was unintentional (MPEP 711.03(c), subsections (III)(C) and (D)).]

**WARNING:**

Petitioner/applicant is cautioned to avoid submitting personal information in documents filed in a patent application that may contribute to identity theft. Personal information such as social security numbers, bank account numbers, or credit card numbers (other than a check or credit card authorization form PTO-2038 submitted for payment purposes) is never required by the USPTO to support a petition or an application. If this type of personal information is included in documents submitted to the USPTO, petitioners/applicants should consider redacting such personal information from the documents before submitting them to the USPTO. Petitioner/applicant is advised that the record of a patent application is available to the public after publication of the application (unless a non-publication request in compliance with 37 CFR 1.213(a) is made in the application) or issuance of a patent. Furthermore, the record from an abandoned application may also be available to the public if the application is referenced in a published application or an issued patent (see 37 CFR 1.14). Checks and credit card authorization forms PTO-2038 submitted for payment purposes are not retained in the application file and therefore are not publicly available.

_____        _____
                  Signature                                           Date

_____        _____
            Typed or Printed Name                          Registration Number, if applicable

_____        _____
                   Address                                     Telephone Number

_____
                   Address

Enclosures:

☐ Fee Payment

☐ Reply

☐ Terminal Disclaimer Form

☐ Additional sheet(s) containing statements establishing unintentional delay

☐ Other: _____

| CERTIFICATE OF MAILING OR TRANSMISSION [37 CFR 1.8(a)] |
|---|

I hereby certify that this correspondence is being:

☐ Deposited with the United States Postal Service on the date shown below with sufficient postage as first class mail in an envelope addressed to: Mail Stop Petition, Commissioner for Patents, P. O. Box 1450, Alexandria, VA 22313-1450.

☐ Transmitted by facsimile on the date shown below to the United States Patent and Trademark Office at (571) 273-8300.

_____        _____
           Date                                          Signature

                                        _____
                                        Typed or printed name of person signing certificate

## Privacy Act Statement

The **Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (*i.e.*, GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.