UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 20-cv-3503-CBM-(RAOx) | Date | February 13, 2023 |
| Title | *International Medical Devices, Inc. et al v. Robert Cornell et al* | | |

| | |
|---|---|
| Present: The Honorable | CONSUELO B. MARSHALL, UNITED STATES DISTRICT JUDGE |

| YOLANDA SKIPPER | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| NONE PRESENT | NONE PRESENT |

**Proceedings:**     **IN CHAMBERS- ORDER RE: DEFENDANTS' MOTION TO STRIKE THE EXPERT REPORT OF TROY DREWRY.   [DKT. NO. 317]**

The matter before the Court is Defendants' Motion to Strike the Expert Report of Troy Drewry. (Dkt. No. 317.)  The Motion is fully briefed. (Dkt. Nos. 342, 373.)

Defendants move to exclude the expert report and two opinions of Troy Drewry as unreliable and unhelpful to the jury under *Daubert v. Merrell Dowell Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and Federal Rule of Evidence 702.

**1. First Opinion**

In his first opinion, Mr. Drewry opines that "Dr. Cornell and his engineering team completed the design and development of the Augmenta implant on an unusually fast pace" which he finds "consistent with an advantage gained by Dr. Cornell having learned the Penuma trade secret design concepts from Dr. Elist."

Defendants contend that this opinion is inadmissible because Mr. Drewry provided no methodology to support his findings that Augmenta's development was "unusually fast." Specifically, they contend that although Mr. Drewry cited the FDA's "Design Control Guidance for Medical Device Manufacturers" — which they categorize as an "industry standard document" — he fails to cite to an "accepted, industry standard timeline," nor does one exist. Moreover, Defendants contend that the FDA's guide supports their argument, because it states that schedules can vary based on "reasons beyond the control of planners, for example, personnel turnover, material shortage, or unexpected problems," and that "[s]ometimes the schedule can be compressed by using additional resources."

Plaintiffs contend that "there is no requirement that expert opinion testimony necessarily be based on a scientific methodology or an objective, industry standard," and that Mr. Drewry's first opinion is instead

admissible because it is based on his experience as a medical device engineer and his review of the development timeline for the Augmenta implant. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999) ("[e]ngineering testimony" may be based "upon personal knowledge or experience.").

"An expert who relies solely or primarily on his experience 'must explain how that experience leads to the conclusions reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts.'" *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Pracs., & Prod. Liab. Litig.*, 978 F. Supp. 2d 1053, 1067 (C.D. Cal. 2013) (quoting Fed. R. Evid. 702 advisory committee's note (2000)); *see also Gen. Elec. Co. v. Joiner,* 522 U.S. 136, 146, (1997) (explaining that expert opinions cannot be "connected to existing data only by the *ipse dixit* of the expert").

Here, Mr. Drewry described his relevant experience as a medical device engineer as well as his experience with the product development process of medical devices. Furthermore, although the FDA guidance that he relied on does not establish specific time estimates for each phase of product development, they do establish a methodology for development and testing of medical devices, which he relied on in forming his opinion.

The Court finds that Mr. Drewry's first opinion is supported by his experience as a product design engineer and that his opinion relied on sufficient methodology. Accordingly, the Court denies the Motion as to Mr. Drewry's first opinion.

**2. Second Opinion**

In his second opinion, Mr. Drewry opines that, "despite the presence of red flags," Augmenta's engineers "failed to take standard and reasonable precautions to respect proprietary information and intellectual property rights that belonged to Plaintiffs."

The parties' arguments are similar to the arguments regarding Mr. Drewry's first opinion. Defendants contend that this opinion should be excluded because it is not supported by any objective basis or disclosed methodology, primarily because his opinions did not identify any objective, legal standard establishing what constitutes a "red flag" or what the "standard precautions" are that engineers should undertake when presented with "red flags." Plaintiffs contend that the opinion is admissible because it is based upon Mr. Drewry's experience as an engineer with experience concerning the ethical guidelines of engineers.

In his second opinion, Mr. Drewry cites to two sources of ethical requirements for engineers. First, he cites the Code of Ethics published by the American Society of Mechanical Engineers. Canon #5 of the Code of Ethics provides that "[e]ngineers shall respect the proprietary information and intellectual property rights of others, including charitable organizations and professional societies in the engineering field." Canon #9 provides that "[e]ngineers shall give credit for engineering work to those to whom credit is due and will recognize the proprietary interests of others." It further provides that "[e]ngineers shall, whenever possible, name the person or persons who may be individually responsible for designs, inventions, writings, or other accomplishments." Second, he cites 35 U.S.C. 115(a), which requires that patent applicants must include ""the name of the inventor for any invention claimed in the application and that "each individual who is the inventor or a joint inventor of a claimed invention in an application for patent shall execute an oath or declaration in connection with the application." Mr. Drewry also identifies multiple instances that he considers to be "red flags."

The Court finds that Mr. Drewry's second opinion is admissible because it is sufficiently based on his professional experience and he utilized reliable methodology in developing his opinion. *See e.g., Johnson v. United States*, 270 F.2d 488, 491 (9th Cir. 1959) (holding that "expert testimony of three electrical engineers concerning the custom and practice of electrical companies in providing safeguards" was "admissible and competent"); *Marshall v. Northrop Grunman Corp.*, No. 2:16-CV-06794-AB-JCX, 2019 WL 6354373, at *2 (C.D. Cal. Oct. 16, 2019) (holding that an expert was generally qualified to offer testimony on industry customs and practices); *Manhattan Re-Ins. Co. v. Safety Nat'l Cas. Corp.*, 83 F. App'x 861, 863 (9th Cir. 2003)

(determining that it was not an abuse of discretion to admit "expert testimony about insurance industry contract drafting custom and practice.")

Accordingly, the Court denies the Motion as to Mr. Drewry's second opinion.

&ast; &ast; &ast;

In sum, the Court **DENIES** Defendants' Motion.

**IT IS SO ORDERED.**