UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 20-cv-3503-CBM-(RAOx) | Date | February 13, 2023 |
| Title | *International Medical Devices, Inc. et al v. Robert Cornell et al* | | |

Present: The Honorable  CONSUELO B. MARSHALL, UNITED STATES DISTRICT JUDGE

| YOLANDA SKIPPER | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| NONE PRESENT | NONE PRESENT |

Proceedings:   **IN CHAMBERS- ORDER RE: PLAINTIFFS' MOTION TO EXCLUDE TESTIMONY OF DEFENDANTS' EXPERT DR. JOHN MULCAHY. [DKT. NO. 351]**

The matter before the Court is Plaintiffs' Motion to Exclude Testimony of Defendants' Expert Dr. John Mulcahy. (Dkt. No. 351.)  The Motion is fully briefed.  (Dkt. Nos. 367, 390.)

Dr. Mulcahy is a urologist, and Defendants retained him as an expert on the use of penile implants. Plaintiffs move to exclude portions of Dr. Mulcahy's testimony because he lacks the requisite qualifications to opine on patent related issues required by *Daubert v. Merrell Dowell Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and Federal Rule of Evidence 702.  Plaintiffs also contend that Dr. Mulcahy's testimony is inconsistent and unreliable.

Plaintiffs do not dispute that Dr. Mulcahy is well-qualified to opine on the use of penile implants and the design concepts used in the implants.  Instead, they contend that Dr. Mulcahy lacks the requisite qualifications to opine on the "content of patents" and "patent prosecution history" with respect to patents that Defendants contend disclosed the alleged trade secrets at issue in this case.  Plaintiffs also contend that Dr. Mulcahy's opinions should be excluded because he relied on "inaccurate formulations of the alleged trade secrets at issue in this case" while developing his opinions.

The Supreme Court has held that expert witnesses may not interpret patent claim language because interpretation of claims is the "exclusive province of the court."  *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996).  Here, Dr. Mulcahy does not opine on the prosecution of the patents or the United States Patent and Trademark Office's interpretation of patents.  Instead, his opinions relate to the penile implant design concepts found *within* the patents, and whether the concepts are generally known to the public.  Thus, the Court finds that Dr. Mulcahy is qualified to opine on the trade secrets concepts disclosed within the prior art—*i.e.* paragraphs 26, 33, 36, 37, 73, 74, 98 of Dr. Mulcahy's rebuttal report.  However, Dr. Mulcahy is precluded from

rendering opinions regarding patent prosecution history and findings of the PTO examiner—*i.e.* paragraphs 99, 103-104, 113-114 of Dr. Mulcahy's rebuttal report.

Plaintiffs also contend that Dr. Mulcahy's opinions are unreliable because they are based on an inaccurate understanding of Plaintiffs' trade secrets.   The Court has reviewed Dr. Mulcahy deposition testimony. It appears to the Court that Dr. Mulcahy's understands the trade secrets at issue in this case.

Accordingly, the Court **DENIES** Plaintiffs' Motion with respect to the opinions regarding prior art rendered in paragraphs 26, 33, 36, 37, 73, 74, 98 of Dr. Mulcahy's rebuttal report, and **GRANTS** Plaintiffs' Motion with respect to the opinions regarding patent prosecution history rendered in paragraphs 99, 103-104, 113-114 of Dr. Mulcahy's rebuttal report.

**IT IS SO ORDERED.**