ORIGINAL

FILED
CLERK, U.S. DISTRICT COURT

JUN 1 6 2023

CENTRAL DISTRICT OF CALIFORNIA
BY                               DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERNATIONAL MEDICAL DEVICES, INC. et al., | Case No.: 2:20-cv-3503-CBM-(RAOx) |
| Plaintiffs, | **COURT'S JURY INSTRUCTIONS** |
| v. | |
| ROBERT CORNELL, MD, an individual, et al., | |
| Defendants. | |

# COURT'S INSTRUCTION NO. 1

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**COURT'S INSTRUCTION NO. 2**

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

1

**COURT'S INSTRUCTION NO. 3**

2    You should decide the case as to each defendant separately. Unless

3   otherwise stated, the instructions apply to all parties.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COURT'S INSTRUCTION NO. 4**

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits that are admitted into evidence;

3. any facts to which the lawyers have agreed; and

4. any facts that I may instruct you to accept as proved.

**COURT'S INSTRUCTION NO. 5**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3) Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## COURT'S INSTRUCTION NO. 6

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

# COURT'S INSTRUCTION NO. 7

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overruled the objection, the question may be answered, or the exhibit received. If I sustained the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may have ordered that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

**COURT'S INSTRUCTION NO. 8**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1) the opportunity and ability of the witness to see or hear or know the things testified to;

2) the witness's memory;

3) the witness's manner while testifying;

4) the witness's interest in the outcome of the case, if any;

5) the witness's bias or prejudice, if any;

6) whether other evidence contradicted the witness's testimony;

7) the reasonableness of the witness's testimony in light of all the evidence; and

8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COURT'S INSTRUCTION NO. 9

During deliberations you will not have a transcript of the trial testimony.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### COURT'S INSTRUCTION NO. 10

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

**COURT'S INSTRUCTION NO. 11**

You have heard testimony from individuals who testified about their opinions and the reasons for those opinions. This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

1

**COURT'S INSTRUCTION NO. 12**

2   Plaintiffs International Medical Devices, Inc.; Menova International, Inc.

3   and Dr. James Elist assert the following causes of action for which they seek

4   damages:

5       (1) misappropriation of trade secrets,

6       (2) trademark infringement,

7       (3) use of a counterfeit mark,

8       (4) copyright infringement, and

9       (5) breach of contract.

10   Plaintiffs also assert that U.S. Patents 10,413,413 and 10,980,639 are

11   invalid.

12   Defendants are Robert Cornell, MD; Augmenta, LLC; Robert J. Cornell

13   M.D., P.A.; Augmenta Investors LLC; Cornell Cosmetic Urology, LLC; David

14   Louis Nichols; Huck Medical Technologies, Inc.; Hans Mische; Hans Mische,

15   LLC; Run Wang, MD; and Richard B. Finger.  Defendants deny Plaintiffs' claims

16   and deny Plaintiffs are entitled to damages.

17   To help you understand the evidence presented in this case, I will explain

18   some of the legal terms and elements of each cause of action.

19

20

21

22

23

24

25

26

27

28

**COURT'S INSTRUCTION NO. 13**

Plaintiff IMD claims it is the owner of the following trade secrets:

1. The incorporation of internal pockets or voids of space within the silicone body of a cosmetic penile silicone implant to add softness and elasticity;

2. The incorporation of mesh tabs embedded in or around the distal tip of a cosmetic penile implant to facilitate tissue ingrowth;

3. The use of absorbable sutures as part of the cosmetic silicone penile implant procedure paired or in combination with mesh tabs embedded in and around the distal tip of the implant to hold the implant; and/or

4. A particular list of instruments and materials used to perform the surgical method associated with the placement of a cosmetic penile implant referred to as the Penuma Instrument and Supply List.

Plaintiff claims that the Defendants misappropriated their trade secrets. "Misappropriation" means the improper acquisition, disclosure, and/or use of the trade secrets.

Plaintiff also claims that the Defendants' misappropriation caused them to be harmed. Your task as the jury in this case is to decide whether there has been a misappropriation of any trade secrets belonging to the Plaintiff, and if so, the Court will consider whether a reasonable royalty should be awarded.

1

## COURT'S INSTRUCTION NO. 14

2  To prevail on Plaintiff IMD's misappropriation of trade secrets claim,

3  Plaintiff must prove all of the following by a preponderance of the evidence:

4      1.  That Plaintiff owned the trade secrets;

5      2.  That the concepts and/or instrument list were trade secrets at the time of

6         the misappropriation;

7      3.  That Defendants improperly acquired, disclosed and/or used the trade

8         secrets; and

9      4.  That Defendants' acquisition, disclosure and/or use was a substantial

10        factor in causing harm to the Plaintiff.

1

**COURT'S INSTRUCTION NO. 15**

2      To prove that the concepts and/or instrument list were trade secrets, the

3 Plaintiff must prove all of the following:

4   1. That the concepts and/or instrument list were secret;

5   2. That the concepts and/or instrument list had actual or potential independent

6      economic value because each was secret; and

7   3. That Plaintiff made reasonable efforts to keep the concepts and/or instrument

8      list secret.

9     As the jury, you may determine that all, some, or none of the alleged trade secrets

10 qualify as a trade secret.

1

## COURT'S INSTRUCTION NO. 16

2      The secrecy required to prove that something is a trade secret does not have

3 to be absolute in the sense that no one else in the world possesses the information.

4 It may be disclosed to employees involved in the plaintiff's use of the trade secret

5 as long as they are instructed to keep the information secret. It may also be

6 disclosed to nonemployees if they are obligated to keep the information secret.

7 However, it must not have been generally known to the public or to people who

8 could obtain value from knowing it.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COURT'S INSTRUCTION NO. 17**

"Reasonable efforts" are the efforts that would be made by a reasonable person or business in the same situation having the same knowledge and resources as the plaintiff, exercising due care to protect important information of the same kind.

In determining whether or not the plaintiff made reasonable efforts to keep the concepts and/or instrument list secret, you should consider all of the facts and circumstances. Among the factors you may consider are the following:

1.  Whether documents containing the concepts and/or instrument list were marked with confidentiality warnings;

2.  Whether the plaintiff instructed employees to treat the concepts and/or instrument list as confidential;

3.  Whether the plaintiff restricted access to the concepts and/or instrument list to persons who had a business reason to know the information;

4.  Whether the plaintiff kept the concepts and/or instrument list in a restricted or secured location;

5.  Whether the plaintiff required employees or others with access to the concepts and/or instrument list to sign confidentiality or Non-Disclosure agreements;

6.  Whether the plaintiff took any action to protect the specific concepts and/or instrument list, or whether they relied on general measures taken to protect their business information or assets;

7.  The extent to which any general measures taken by the plaintiff would prevent the unauthorized disclosure of the concepts and/or instrument list; and/or

8.  Whether there were other reasonable measures available to the plaintiff that it did not take.

1    The presence or absence of any one or more of these factors is not

2    necessarily determinative as to whether efforts were reasonable.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COURT'S INSTRUCTION NO. 18**

Defendants misappropriated Plaintiff's trade secrets by acquisition if the Defendants acquired the trade secrets and knew, or had reason to know, that they used improper means to acquire them.

**COURT'S INSTRUCTION NO. 19**

Defendants misappropriated Plaintiff's trade secrets by disclosure and/or use if that defendant:

1. Disclosed or used the trade secrets without the plaintiff's consent; and

2. At the time of disclosure and/or use, knew or had reason to know that their knowledge of plaintiff's trade secrets came from or through Dr. Cornell who had a duty to plaintiff to keep the concepts and/or instrument list secret, or

3. At the time of the disclosure or use, knew or had reason to know that their knowledge of plaintiff's trade secrets was acquired in a manner which created a duty to keep the concepts and/or instrument list secret.

## COURT'S INSTRUCTION NO. 20

Improper means of acquiring a trade secret or knowledge of a trade secret include, but are not limited to, breach of a duty or obligation to maintain secrecy. However, it is not improper to acquire a trade secret or knowledge of the trade secret by any of the following:

1. Independent efforts to invent or discover the information;
2. Reverse engineering; that is, examining or testing a product to determine how it works, by a person who has a right to possess the product;
3. Observing the information in public use or on public display; or
4. Obtaining the information from published literature, such as trade journals, reference books, the Internet, or other publicly available sources.

1

## COURT'S INSTRUCTION NO. 21

2      Plaintiffs' concepts and/or instrument list has independent economic value

3 if it gives the owner an actual or potential business advantage over others who do

4 not know the concepts or instrument list, and who could obtain economic value

5 from their disclosure or use.

6      In determining whether the claimed trade secrets had actual or potential

7 independent economic value because they were secret, you may consider the

8 following factors:

9      1.  The extent to which the plaintiffs obtained or could obtain economic

10          value from the concepts and/or instrument list in keeping them secret;

11      2.  The extent to which others could obtain economic value from the

12          concepts and/or instrument list if they were not secret;

13      3.  The amount of time, money, or labor that the plaintiffs expended in

14          developing the concepts and/or instrument list; and/or

15      4.  The amount of time, money, or labor that was saved by a competitor

16          who used the concepts and/or instrument list.

17 The presence or absence of any one or more of these factors is not necessarily

18 determinative.

19

20

21

22

23

24

25

26

27

28

1

**COURT'S INSTRUCTION NO. 22**

2    On Plaintiff Menova's claim for trademark infringement, it has the burden

3    of proving each of the following elements by a preponderance of the evidence:

4    1.  Penuma is a valid, protectable trademark.  There is no dispute as to this

5        element; therefore, this element requires no proof.

6    2.  Plaintiff Menova owns the Penuma mark as a trademark. There is no

7        dispute as to this element; therefore, this element requires no proof.

8    3.  Dr. Cornell used the identical Penuma mark. There is no dispute as to this

9        element; therefore, this element requires no proof.

10   4.  Dr. Cornell used the mark, or a similar mark, for a cosmetic penile implant

11       without the consent of Menova in a manner that is likely to cause confusion

12       among ordinary consumers as to the source, sponsorship, affiliation, or

13       approval of the goods.

**COURT'S INSTRUCTION NO. 23**

You may consider the following factors in considering likelihood of confusion:

1. **Strength or Weakness of the Plaintiff's Mark**. The more the consuming public recognizes the plaintiff's trademark as an indication of origin of the plaintiffs' goods, the more likely it is that consumers would be confused about the source of the defendants' goods if the defendant uses a similar mark.

2. **Defendant's Use of the Mark**. If the defendant and plaintiff use their trademarks on the same, related, or complementary kinds of goods there may be a greater likelihood of confusion about the source of the goods than otherwise.

3. **Similarity of Plaintiff's and Defendant's Marks**. If the overall impression created by the plaintiff's trademark in the marketplace is the same or similar to that created by the defendant's trademark in appearance, there is a greater chance that consumers are likely to be confused by defendant's use of a mark.

4. **Actual Confusion**. If use by the defendant of the plaintiff's trademark has led to instances of actual confusion, this strongly suggests a likelihood of confusion. However, actual confusion is not required for you to find a likelihood of confusion. Even if actual confusion did not occur, the defendant's use of the trademark used by the defendant may still be likely to cause confusion. As you consider whether the trademark used by the defendant creates for consumers a likelihood of confusion with the plaintiff's trademark, you should weigh any instances of actual confusion against the opportunities for such confusion. If the instances of actual confusion have been relatively frequent, you may find that there has been substantial actual confusion. If, by contrast, there is a very large volume of

sales, but only a few isolated instances of actual confusion, you may find
that there has not been substantial actual confusion.

5. **Defendant's Intent**. Use by the defendant of the plaintiff's trademark to
identify the same or similar goods may strongly show an intent to derive
benefit from the reputation of the plaintiff's mark, suggesting an intent to
cause a likelihood of confusion. On the other hand, even in the absence of
proof that the defendant acted knowingly, the use of plaintiff's trademark to
identify the same or similar goods may indicate a likelihood of confusion.

6. **Marketing/Advertising Channels**. If the plaintiff's and defendant's goods
or services are likely to be sold in the same or similar channels or outlets, or
advertised in similar media, this may increase the likelihood of confusion.

7. **Consumer's Degree of Care**. The more sophisticated the potential buyers
of the goods or the more costly the goods, the more careful and
discriminating the reasonably prudent purchaser exercising ordinary caution
may be. They may be less likely to be confused by similarities in the
plaintiff's and defendant's trademarks.

8. **Product Line Expansion**. When the parties' products differ, you may
consider how likely the plaintiff is to begin selling the products for which
the defendant is using the plaintiff's trademark. If there is a strong
possibility of expanding into the other parties' market, there is a greater
likelihood of confusion.

**COURT'S INSTRUCTION NO. 24**

Plaintiffs claim that Defendants Dr. Cornell, and Robert J. Cornell M.D., P.A., have committed counterfeiting by unlawfully using Plaintiffs' Penuma trademark in the sale, offer to sell, distribution, or advertising of goods without Plaintiffs' authorization. To prove a claim for counterfeiting, Plaintiffs must prove the following facts by a preponderance of the evidence:

1. Defendants intentionally used a counterfeit mark in commerce;

2. Defendants knew the mark was counterfeit;

3. Defendants used the counterfeit mark in connection with the sale, offering for sale, or distribution of goods or services; and

4. Defendants use of the counterfeit mark was likely to confuse or deceive.

1

**COURT'S INSTRUCTION NO. 25**

2    In order to establish that a mark used was a counterfeit mark, Plaintiffs must

3  establish the following elements by the preponderance of the evidence:

4    1. Defendants used a non-genuine mark identical to Plaintiffs' Penuma mark;

5    2. Plaintiffs' Penuma mark was registered on the Principal Register for use on

6       the same goods to which Defendants applied the mark;

7    3. Plaintiffs' Penuma mark was in use in commerce. There is no dispute as to

8       this element. Therefore, this element requires no proof; and

9    4. Defendants were not authorized to use Plaintiffs' Penuma mark.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## COURT'S INSTRUCTION NO. 26

2         Plaintiffs own a copyright for an animated video depicting a computer-

3     rendered Penuma implant procedure and seek damages against Defendants

4     Cornell, Mische and Nichols, for copyright infringement.  The owner of a

5     copyright has the right to exclude any other person from reproducing, distributing,

6     performing, or displaying, a work covered by copyright for a specified period of

7     time.

8         It has been previously determined that Defendants Cornell, Mische and

9     Nichols infringed the Plaintiffs' copyright by using screenshots of the Plaintiffs'

10    copyrighted animated video.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COURT'S INSTRUCTION NO. 27**

As to Plaintiff IMD's breach of contract claim against Dr. Cornell, Plaintiff IMD must prove all of the following by a preponderance of the evidence:

1. That Plaintiff IMD and Dr. Cornell entered into a contract;

2. That Plaintiff IMD did all, or substantially all, of the significant things that it was required to do;

3. That Dr. Cornell did something that the contract prohibited him from doing;

4. That Plaintiff IMD was harmed; and

5. That Dr. Cornell's breach of contract was a substantial factor in causing Plaintiff IMD's harm.

Your task as the jury in this case is to decide whether Dr. Cornell breached the Non-Disclosure Agreement, and if so, the Court will consider whether a reasonable royalty should be awarded.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**COURT'S INSTRUCTION NO. 28**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

The plaintiffs have the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiffs for any injury you find was caused by the defendants.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

1

## COURT'S INSTRUCTION NO. 29

2      Plaintiffs are entitled to recover the actual damages they suffered as a result

3  of the copyright infringement. Therefore, your only task as to Plaintiffs' copyright

4  infringement claim will be to decide the amount of damages to be awarded to

5  Plaintiffs from Defendants Cornell, Mische and Nichols.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## COURT'S INSTRUCTION NO. 30

2   It has already been determined that Dr. Wang breached Section 7.3 of the

3   Consulting Services Agreement with IMD.  As to damages for Dr. Wang's breach,

4   you may award nominal damages, such as one dollar.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## COURT'S INSTRUCTION NO. 31

2    In this case, Plaintiffs contend that the United States Patent 10,413,413 and

3    United States Patent 10,980,639 are invalid because of improper inventorship. A

4    patent is invalid if it fails to meet the requirement that all of the actual inventors,

5    and only the actual inventors, be named as inventors in the patent. This is known

6    as the "inventorship" requirement.

7    To be an inventor, one must make a significant contribution to the

8    conception of at least one of the claims of the patent. Whether the contribution is

9    significant in quality is measured against the scope of the full invention.

10    If someone only explains to the actual inventors well-known concepts or the

11    current state of the art, he or she is not an inventor. Merely helping with

12    experimentation, by carrying out the inventor's instructions, also does not make

13    someone an inventor. What is required is some significant contribution to the idea

14    claimed.

15    Persons may be inventors even if they do not make the same type or amount

16    of contribution, and even if they do not contribute to the subject matter of each

17    claim of the patent. Persons may be joint or co-inventors even though they do not

18    physically work together, but they must have some open line of communication

19    during or at approximately the time of their inventive effort.

20    To prove that any claim of a patent is invalid, Plaintiffs must persuade you

21    by clear and convincing evidence, that is, you must be left with a clear conviction

22    that the claim is invalid.

23

24

25

26

27

28

**COURT'S INSTRUCTION NO. 32**

Before you begin your deliberations, elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**COURT'S INSTRUCTION NO. 33**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

1        These rules protect each party's right to have this case decided only on
2    evidence that has been presented here in court.  Witnesses here in court take an
3    oath to tell the truth, and the accuracy of their testimony is tested through the trial
4    process.  If you do any research or investigation outside the courtroom, or gain
5    any information through improper communications, then your verdict may be
6    influenced by inaccurate, incomplete, or misleading information that has not been
7    tested by the trial process.  Each of the parties is entitled to a fair trial by an
8    impartial jury, and if you decide the case based on information not presented in
9    court, you will have denied the parties a fair trial.  Remember, you have taken an
10   oath to follow the rules, and it is very important that you follow these rules.

11       A juror who violates these restrictions jeopardizes the fairness of these
12   proceedings, and a mistrial could result that would require the entire trial process
13   to start over.  If any juror is exposed to any outside information, please notify the
14   court immediately.

## COURT'S INSTRUCTION NO. 34

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including the court— how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

**COURT'S INSTRUCTION NO. 35**

You may have taken notes to help you remember the evidence. If you have taken notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Your notes will be destroyed at the conclusion of the case.

Whether or not you took notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

1

**COURT'S INSTRUCTION NO. 36**

2      A verdict form has been prepared for you with questions you must answer. I

3 have already instructed you on the law that you are to use in answering these

4 questions. You must follow my instructions and the forms carefully. You must

5 consider each question separately. Although you may discuss the evidence and the

6 issues to be decided in any sequence, you must answer the questions on the verdict

7 form in the order they appear. After you answer a question, the forms tell you

8 what to do next. All of you must deliberate on and answer each question. All of

9 you must agree on an answer before all of you can move on to the next question.

10      After you have reached unanimous agreement on each question on the

11 verdict form, your presiding juror should complete the forms that have been given

12 to you according to your deliberations, sign and date it, and advise the clerk that

13 you are ready to return to the courtroom.

14      You may be polled in open court. If so, each juror must be able to state

15 truthfully that the answer does or does not express his or her vote.

16

17

18

19

20

21

22

23

24

25

26

27

28