O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERNATIONAL MEDICAL DEVICES, INC.; *et al.*,<br><br>          Plaintiffs,<br>v.<br><br>ROBERT CORNELL, MD, an individual; *et al.*,<br><br>          Defendants. | Case No.: 2:20-cv-03503-CBM (RAOx)<br><br>**ORDER RE: PLAINTIFFS' MOTION FOR INJUNCTIVE RELIEF AND PATENT INVALIDATION [669]** |

The matter before the Court is Plaintiffs' Motion for Injunctive Relief and Patent Invalidation.  (Dkt. No. 669 (the "Motion").)  The matter is fully briefed.  (Dkt. Nos. 672, 678.)[1]

## I.     BACKGROUND

**A.     The Complaint**

On April 15, 2020, Plaintiffs International Medical Devices, Inc. ("IMD"), Menova International, Inc. ("Menova") and James Elist, MD ("Dr. Elist")

---

[1] Defendants' Motion to Dissolve the Preliminary Injunction (Dkt. No. 666) is also pending.  The ruling of this Motion will render Defendants' Motion moot.  Accordingly, the Court **DENIES** Defendants' Motion to Dissolve the Preliminary Injunction.

(collectively, "Plaintiffs") brought this trademark infringement suit against Defendants Robert Cornell, MD; Robert J. Cornell M.D., P.A.; Augmenta, LLC; AM Founders, LLC; Augmenta Investors, LLC; Jonathan Clavell Hernandez, MD; Clavell Urology, PLLC; OAM LLC;  Cornell Cosmetic Urology, LLC; David Louis Nichols; Huck Medical Technologies, Inc.; Hans Mische; Hans Mische, LLC; Run Wang, MD; RW Global Men's Health Consulting Services, PLLC; Capital Urology Associates, LLC; Richard B. Finger; and LATA Lignum LLC (collectively the "Defendants").  The First Amended Complaint ("FAC") asserts the following claims:  (1) Misappropriation of Trade Secrets under Defend Trade Secrets Act ("DTSA"), 18 U.S.C. §§ 1836 et seq. (against all Defendants); (2) Misappropriation of Trade Secrets under Cal. Uniform Trade Secrets Act ("CUTSA"), Cal. Civ. Code §§ 3426 et seq. (against all Defendants); (3) RICO under 18 U.S.C. § 1962(c) (against all Defendants); (4) RICO under 18 U.S.C. § 1962(d) (against all Defendants); (5) Trademark Infringement under 15 U.S.C. §§ 1114, 1125(a) (against. Dr. Cornell, the Cornell PA, Dr. Clavell, and the Clavell PA); (6) Counterfeit Mark under 15 U.S.C. § 1117 (against Dr. Cornell, the Cornell PA, Dr. Clavell, and the Clavell PA); (7) Copyright Infringement under 17 U.S.C. § 501 (against Drs. Cornell, Mische, and Nichols); (8) Breach of Contract (against Dr. Cornell and Dr. Wang); (9) Breach of Contract (against Dr. Wang); (10) Breach of Covenant of Good Faith and Fair Dealing (against Dr. Cornell and Dr. Wang); (11) Violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 (against all Defendants); (12) Declaratory Relief (against all Defendants); (13) False Advertising under 15 U.S.C. § 1125(a) (against Dr. Cornell and Augmenta, LLC).  (Dkt. No. 96.)

**B.    The Preliminary Injunction**

On January 1, 2021, the Court issued a preliminary injunction precluding Defendants from:  (1) using or disclosing Plaintiffs' trade secret information; (2) commercializing, marketing, advertising, promoting, offering for sale, and/or

profiting from the Augmenta implant, U.S. Patent No. 10413413 ("'413 Patent"),

and Patent Application No. 16/238,821 ("'821 Application"); (3) referencing,

mentioning, promoting, advertising, marketing and/or using the Penuma mark in

commerce; and (4) acting in a way likely to cause confusion, mistake, or

deception on the part of consumers as to the origin or sponsorship of Penuma.

(Dkt. No. 138.)  The injunction remains in full force and effect.  (*Id*.)

On November 1, 2022, the Court issued an Order re Plaintiffs' Ex Parte

Request for an Order to Show Cause Why Defendants Should Not Be Held in

Civil Contempt.  (Dkt. No. 530.)  The Court held Defendants in civil contempt for

violating the Court's Preliminary Injunction and granting Plaintiffs leave to file a

Motion for Attorneys' Fees to recover the attorneys' fees and costs incurred for

litigating the Motion for Contempt.  (*Id.*)  The Court subsequently granted

Plaintiffs' Motion for attorneys' fees in the amount of $94,222.29.  (Dkt. No.

572.)

**C.      Summary Adjudication**

On September 14, 2021, Plaintiffs filed a motion for summary adjudication

on their trademark (Fifth Cause of Action), counterfeit (Sixth Cause of Action),

copyright (seventh cause of action), breach of contract (Eighth and Ninth Causes

of Action), and good faith and fair dealing claims (Tenth Cause of Action). (Dkt.

No. 254.)  The Court granted Plaintiffs' Motion as to the copyright infringement

cause of action against Defendants Cornell, Mische, and Nichols and held that

Plaintiffs are "entitled to damages and permanent injunctive relief as to their

seventh claim for copyright infringement."  (Dkt. No. 528 at 19.)

**D.      Trial and Jury Verdict**

On June 16, 2023, this case proceeded to trial.  The jury found in favor of

the Plaintiff for: (1) misappropriation of four of Plaintiffs' trade secrets under the

California Uniform Trade Secrets Act ("CUTSA"), (2) infringement of Plaintiff

Menova's registered trademark (the "Penuma Mark"), (3) use of a counterfeit

Penuma Mark, (4) infringement of Plaintiffs' copyrighted video, and (5) breach of the Non-Disclosure Agreement ("NDA") by Dr. Cornell. (Dkt. No. 649.) The jury also found invalid, by clear and convincing evidence, Defendants' United States Patent 10,413,413, and United States Patent 10,980,639. (*Id*.) The jury awarded Plaintiffs $1,650 for Defendants' copyright infringement of a Penuma informational video based on an invoice for the creation of the video. (*Id*. at 6, Trial Ex. 314.)

### E.    Evidentiary Hearing

On October 25, 2023, the Court held an evidentiary hearing on Plaintiffs' Motion for a Permanent Injunction. (Dkt. No. 690.) Plaintiffs seek the following: (1) a permanent injunction prohibiting Defendants from using Plaintiffs' registered Penuma Mark; (2) a permanent injunction prohibiting Defendants from using Plaintiffs' registered copyrighted material; (3) a permanent injunction under the California Uniform Trade Secrets Act ("CUTSA") prohibiting Defendants from using or commercializing Plaintiffs' trade secrets for a period of at least seven (7) years; and (4) an Order directing that the United States Patent and Trademark Office invalidate U.S. Patent No. 10,413,413 ("'413 Patent") and U.S. Patent No. 10,980,639 ("'639 Patent").

## II.    DISCUSSION

### A.    Enjoin Defendants from Using or Commercializing Plaintiff's Trade Secret Design Concepts

Plaintiff IMD requests that this Court issue a "head start" injunction to alleviate the commercial advantage Defendants gained by misappropriating, disclosing, and using Plaintiff IMD's secret design concepts. Defendants have filed a motion vacating portions of the preliminary injunction issued by the Court on the basis that the trade secrets are now public. California Civil Code section 3426.2(a) states that even after a trade secret has ceased to exist, "[u]pon application to the court, an injunction shall be terminated when the trade secret has

ceased to exist, but the injunction may be continued for an additional period of time in order to eliminate commercial advantage that otherwise would be derived from the misappropriation."

To qualify for a permanent injunction, the plaintiff must prove: (1) irreparable injury; (2) inadequacy of legal remedies; (3) that the balance of hardships favors an injunction; and (4) that the public interest would not be disserved by a permanent injunction. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). "An injunction in a trade secret case seeks … to eliminate any unfair head start the defendant may have gained[,]" and that "after the trade secret is public, the injunction may be continued for an additional reasonable period of time in order to eliminate the commercial advantage that otherwise would be derived from the misappropriation." *Lamb-Weston, Inc. v. McCain Foods, Ltd.*, 941 F.2d 970, 974–75 (9th Cir. 1991) (internal quotation marks and citation omitted). The goal of a "head start" injunction is to "place[] [the defendant] in the position it would have occupied if the breach of confidence had not occurred prior to the public disclosure[.]" *Id.* at 974 (quoting *Winston Research Corp. v. Minn. Mining and Mfg.*, 350 F.2d 134, 141 (9th Cir. 1965)).

Plaintiff IMD seeks a seven-year injunction to place Defendants in the position they would have occupied had they not misappropriated IMD's trade secrets. Plaintiffs estimate that it would have taken Defendants approximately 4.5 years to develop the Augmenta implant, patent the product, and obtain FDA approval after a license to use the design concepts was granted. Plaintiffs contend that Defendants' misappropriation gave them a competitive advantage of time, including ultimately obtaining two patents by April 20, 2021. (Trial Exs. 29, 78.) Defendants also obtained FDA clearance in September 2022. (Trial Tr. 1168:3-5.)

All four factors favor a permanent injunction enjoining Defendants from using IMD's trade secret information. The Court finds that Plaintiffs demonstrate (1) they have suffered an irreparable injury; (2) remedies available at law, such as

monetary damages, are inadequate to compensate for that injury; (3) considering the balance of hardships between IMD and Defendants, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction.

Injunctive relief must be tailored to remedy the specific harm alleged. *Lamb-Weston, Inc.*, 941 F.2d at 974. "[T]he appropriate duration for the injunction should be the period of time it would have taken [the defendant], either by reverse engineering or by independent development, to develop [the product] legitimately without use of [plaintiff's] trade secrets." *K-2 Ski Co. v. Head Ski Co.*, 506 F.2d 471, 474 (9th Cir. 1974). The Court enjoins Defendants from using or commercializing Plaintiffs' trade secrets for the period of time during which IMD could have prohibited Dr. Cornell from using the trade secrets based on the duration of the Nondisclosure Agreement Dr. Cornell signed on March 30, 2018. (Trial Ex. 14.) Thus, Defendants are enjoined from using or commercializing Plaintiff's trade secret design concepts for five years from the date of this Order.

**B.     Trademark, Copyright, and Counterfeiting Injunctions**

Plaintiffs seek a permanent injunction enjoining Defendants from infringing Plaintiffs' registered trademark and copyrighted work. The Court previously found that Defendants Cornell, Nichols, and Mische infringed Plaintiffs' copyrighted video. The jury found Defendants Cornell and Cornell PA liable for trademark infringement and counterfeiting. (Dkt. No. 649.) The Court finds that the evidence supports the factors favoring a permanent injunction: (1) Plaintiffs have suffered an irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) considering the balance of hardships between Plaintiffs and Defendants, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction. *eBay Inc.,* 547 U.S. at 391.

**C.     Patent Invalidation**

The jury found by clear and convincing evidence that Defendants' '413 and '639 Patents are invalid.  The Court will enter judgment consistent with the jury's finding.

### III.  CONCLUSION

Accordingly, the Court **GRANTS** Plaintiffs' Motion for Injunctive Relief and Patent Invalidation.

**IT IS SO ORDERED.**

DATED:  March 28, 2024.

_____
CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE