# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| INTERNATIONAL MEDICAL DEVICES, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> ROBERT CORNELL, M.D. ; ROBERT J. CORNELL, M.D., P.A. ; AUGMENTA, LLC ; AUGMENTA INVESTORS, LLC ; CORNELL COSMETIC UROLOGY, LLC ; DAVID LOUIS NICHOLS ; HUCK MEDICAL TECHNOLOGIES, INC. ; HANS MISCHE ; HANS MISCHE, LLC ; RUN WANG, M.D. ; and RICHARD B. FINGER, <br><br> Defendants. | Case No. 2:20-cv-03503-CBM (RAOx) **FINAL JUDGMENT [702]** <br><br> **[JS-6]** <br><br> Judge: Hon. Consuelo B. Marshall <br> Trial Date: June 6, 2023 |

In accordance with the jury's verdict in this matter (Dkt. 649) and the Court's Orders on Plaintiffs International Medical Devices, Inc. ("IMD"); Menova International, Inc. ("Menova"); and James Elist, M.D.'s (collectively, "Plaintiffs'") Post-Trial Motion for Award of Reasonable Royalties, Disgorgement, Statutory Damages, Prejudgment Interest, and Exemplary Damages (Dkt. 698) and Plaintiffs' Motion for Injunctive Relief and Patent Invalidation (Dkt. 699), the Court, pursuant to Federal Rule of Civil Procedure 58, enters this Final Judgment in favor of Plaintiffs and against Defendants Robert Cornell, M.D., Robert J. Cornell, M.D., P.A.; Augmenta, LLC; Augmenta Investors, LLC; Cornell Cosmetic Urology, LLC; David Louis Nichols; Huck Medical Technologies, Inc.; Hans Mische; Hans Mische, LLC; Run Wang, M.D.; and Richard B. Finger (collectively, "Defendants") as follows:

It is hereby **ORDERED AND ADJUDGED** that:

1. Judgment is hereby entered in favor of Plaintiffs and against Defendants.

2. Defendants are jointly and severally liable to Plaintiff IMD for Misappropriation of Trade Secrets under the California Uniform Trade Secrets Act ("CUTSA"), Cal. Civ. Code §§ 1836, *et seq.*, for a reasonable royalty as follows:

    a. Defendants Robert Cornell, M.D.; Robert J. Cornell, M.D., P.A.; Augmenta, LLC; Augmenta Investors, LLC; Cornell Cosmetic Urology, LLC; David Louis Nichols; Huck Medical Technologies; Run Wang, M.D.; and Richard B. Finger are jointly and severally liable for a reasonable royalty of $2,886,022.00 for misappropriation of a trade secret consisting of the incorporation of internal pockets or voids of space within the silicone body of a cosmetic penile silicone implant to add softness and elasticity;

    b. Defendants Robert Cornell, M.D.; Robert J. Cornell, M.D., P.A.; Augmenta, LLC; Augmenta Investors, LLC; Cornell Cosmetic

      Urology, LLC; David Louis Nichols; Huck Medical Technologies; Hans Mische; Hans Mische, LLC; Run Wang, M.D.; and Richard B. Finger are jointly and severally liable for a reasonable royalty of $1,154,408.80 for misappropriation of a trade secret consisting of the incorporation of mesh tabs embedded in or around the distal tip of a cosmetic penile implant to facilitate tissue ingrowth;

  c. Defendants Robert Cornell, M.D.; Robert J. Cornell, M.D., P.A.; Augmenta, LLC; Augmenta Investors, LLC; Cornell Cosmetic Urology, LLC; David Louis Nichols; Huck Medical Technologies; Hans Mische; Hans Mische, LLC; Run Wang, M.D.; and Richard B. Finger are jointly and severally liable for a reasonable royalty of $865,806.60 for misappropriation of the incorporation a trade secret consisting of the use of absorbable sutures as part of the cosmetic silicone penile implant procedure paired or in combination with mesh tabs embedded in and around the distal tip of the implant to hold the implant; and

  d. Defendants Robert Cornell, M.D.; Robert J. Cornell, M.D., P.A.; Augmenta, LLC; Augmenta Investors, LLC; Cornell Cosmetic Urology, LLC; Hans Mische; Hans Mische, LLC; Run Wang, M.D.; and Richard B. Finger are jointly and severally liable for a reasonable royalty of $577,204.40 for misappropriation of the incorporation a trade secret consisting of a particular list of instruments and materials used to perform the surgical method associated with the placement of a cosmetic penile implant referred to as the Penuma Instrument and Supply List.

  e. Defendants are liable for prejudgment interest at a rate of 7% pursuant to Cal. Civ. Code § 3287(c) accruing from March 30,

2018—the date the trade secrets were misappropriated—until the date of entry of this Final Judgment.

3. Defendants are liable to Plaintiff IMD for exemplary damages for willful and malicious trade secret misappropriation under CUTSA § 3426.3(c) as follows:

    a. Defendants Robert Cornell, M.D.; Robert J. Cornell, M.D., P.A.; Augmenta, LLC; Augmenta Investors, LLC; Cornell Cosmetic Urology, LLC; David Louis Nichols; Huck Medical Technologies; Run Wang, M.D.; and Richard B. Finger are jointly and severally liable for exemplary damages of $5,772,044 for willful and malicious misappropriation of a trade secret consisting of the incorporation of internal pockets or voids of space within the silicone body of a cosmetic penile silicone implant to add softness and elasticity;

    b. Defendants Robert Cornell, M.D.; Robert J. Cornell, M.D., P.A.; Augmenta, LLC; Augmenta Investors, LLC; Cornell Cosmetic Urology, LLC; David Louis Nichols; Huck Medical Technologies; Hans Mische; Hans Mische, LLC; Run Wang, M.D.; and Richard B. Finger are jointly and severally liable for exemplary damages of $2,308,817.60 for the willful and malicious misappropriation of a trade secret consisting of the incorporation of mesh tabs embedded in or around the distal tip of a cosmetic penile implant to facilitate tissue ingrowth;

    c. Defendants Robert Cornell, M.D.; Robert J. Cornell, M.D., P.A.; Augmenta, LLC; Augmenta Investors, LLC; Cornell Cosmetic Urology, LLC; David Louis Nichols; Huck Medical Technologies; Hans Mische; Hans Mische, LLC; Run Wang, M.D.; and Richard B. Finger are jointly and severally liable for exemplary damages of

$1,731,613.20 for the willful and malicious misappropriation of a trade secret consisting of the use of absorbable sutures as part of the cosmetic silicone penile implant procedure paired or in combination with mesh tabs embedded in and around the distal tip of the implant to hold the implant; and

    d. Defendants Robert Cornell, M.D.; Robert J. Cornell, M.D., P.A.; Augmenta, LLC; Augmenta Investors, LLC; Cornell Cosmetic Urology, LLC; Hans Mische; Hans Mische, LLC; Run Wang, M.D.; and Richard B. Finger are jointly and severally liable for exemplary damages of $1,154,408.80 for the willful and malicious misappropriation of a trade secret consisting of particular list of instruments and materials used to perform the surgical method associated with the placement of a cosmetic penile implant referred to as the Penuma Instrument and Supply List.

4. Defendant Robert Cornell is liable to Plaintiffs for breach of the Non-Disclosure Agreement. This finding supports an alternative basis for a reasonable royalty award to Plaintiffs in the amount of $5,772,044 and against Defendant Robert Cornell only.

5. Defendants Robert Cornell and Robert J. Cornell M.D., P.A. are liable to Plaintiff Menova for $1,000,000 in statutory damages for use of a counterfeit mark under 15 U.S.C. § 1117(c)(2), plus prejudgment interest in accordance with 26 U.S.C. § 6621(a)(2), accruing from April 22, 2020—the date Defendants were served with the original Complaint in this action—until the date of entry of this Final Judgment.

6. Defendants Robert Cornell, Hans Mische, and David Louis Nichols are liable to Plaintiffs in the amount of $1,650 for copyright infringement under 17 U.S.C. § 501.

7. Defendant Run Wang is liable to Plaintiffs for nominal damages in the amount of $1 for breach of contract.

8. Defendants shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

9. The Court entered a Permanent Injunction at Dkt. No. 700.

10. Violation of the Permanent Injunction shall expose Defendants and all other persons bound by such permanent injunction to all applicable penalties, including sanctions and contempt of Court.

11. The lifting of the Permanent Injunction is conditioned upon full payment of the royalty and damages ordered in paragraphs 2-7 above.

12. This Court shall retain continuing jurisdiction to modify and/or enforce the Permanent Injunction, which may also be enforced by any other court of competent jurisdiction.

13. Pursuant to CUTSA § 3426.4 and 15 U.S.C. § 1117(a), Defendants may be liable for attorneys' fees and costs in an amount to be determined by motion or stipulation.  The Court retains jurisdiction to adjudicate any motion for reasonable attorneys' fees and costs.  To the extent the Parties are unable to stipulate to an award of attorneys' fees and costs, Plaintiffs' motion shall be brought within 28 days of entry of this Final Judgment.

**IT IS SO ORDERED.**

DATED: MAY 16, 2024

_____

The Honorable Consuelo B. Marshall
United States District Judge